Submitted on record and appellant's brief July 13, affirmed August 9, 1976

# STATE OF OREGON, *Appellant,*
## *v.*
# WALLY FREYMULLER, JR., *Respondent.*
## (No. 94503, CA 5936)
### 552 P2d 867

Lee Johnson, Attorney General, W. Michael Gillette, Solicitor General, and Catherine Allan, Assistant Attorney General, Salem, filed the brief for appellant.

Bernard K. Smith, Portland, appeared for respondent.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

Prior to defendant's trial for drunken driving, he moved to suppress evidence of the breathalyzer test which had been administered to him. The district court granted defendant's motion. The circuit court affirmed and remanded to the district court for trial. The state appeals to this court.

The stipulated record on appeal to the circuit court shows that when defendant was requested to take a breathalyzer test, he asked the arresting officer: "[D]o I have to take the test?" The officer responded: "[Y]es," or "yes, you are required to do so by law." No other conversation concerning the breathalyzer test occurred, and defendant took the test. The state contends that since defendant did not specifically refuse to submit to the test, evidence of the test result was admissible.

Arrested drivers do not have to expressly consent to the administration of the breathalyzer test to make the results thereof admissible in a court proceeding. *See,* ORS 487.805. This is in contrast to the more extensive protection accorded to one who is asked to submit to a chemical test of the blood, urine or saliva. *See,* ORS 487.835. Nevertheless, an arrestee does have a statutory right to refuse to submit to a chemical test of his breath. *State v. Annen,* 12 Or App 203, 206, 504 P2d 1400, Sup Ct *review denied* (1973).

The legislature has expressed a policy in the Implied Consent Law, ORS 487.805 et seq, that potential defendants are not to be tricked or misled.[1] Therefore, when a person who is requested to take a breathalyzer test expressly inquires about his rights in the matter, as did the defendant in this case, that triggers a duty of the police officer to inform him of his

---

[1] If a person refuses a request by a police officer to submit to a chemical test of his breath, his license may be suspended pursuant to ORS 482.540 to 482.560 *only if* he is informed of the consequences of such refusal and of his right to have additional chemical tests administered by a qualified person of his own choosing.

right to refuse to take the test and the consequences of such refusal. Since one who mindlessly refuses to take a breathalyzer test is entitled to a full explanation of his statutory rights and responsibilities, ORS 487.805(2), it would be anomalous to hold that one who makes a legitimate inquiry is entitled only to an incomplete explanation, an inaccurate explanation or to no explanation at all.

Affirmed.