Argued December 16, 1977, affirmed April 3, 1978

STATE OF OREGON, *Appellant,*
*v.*
LYLE DEAN CRESON, *Respondent.*
(No. TM 77-1203, CA 8903)
576 P2d 814

Donald L. Paillette, Assistant Attorney General, Salem, argued the cause for appellant. With him on

the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Ronald L. Marek, Corvallis, argued the cause for respondent. With him on the brief was Evashevski & Marek, Corvallis.

Before Tanzer, Presiding Judge, and Johnson and Roberts, Judges.

TANZER, P. J.

## TANZER, P. J.

Defendant was charged with the traffic crime of driving while under the influence of intoxicants, ORS 487.540. The court granted defendant's motion to suppress the results of a breathalyzer test on the ground that the officer had failed to inform him fully of his rights after he had initially refused to take the test. The state appeals.

The state accepts the facts in defendant's affidavit: The defendant was arrested for driving while under the influence of intoxicants and taken to the county correctional facility. The arresting officer requested that defendant take a breathalyzer test. When the defendant refused to take the test the officer informed him that he could lose his driver's license anyway. Defendant thereafter submitted to the test. There is no allegation that the officer informed defendant of the possible length of suspension of his driver's license, of his right to a hearing, of his right to an appeal from the suspension, or of his right to have an independent chemical test.

ORS 487.805(2) sets out the consent procedures for breathalyzer testing:

> "If a person under arrest for driving a motor vehicle while under the influence of intoxicants in violation of ORS 487.540 or of a municipal ordinance, refuses the request of a police officer to submit to a chemical test of his breath as provided in subsection (1) of this section, and if the person has been informed of the consequences of such refusal as provided by ORS 482.540 to 482.560 and of his rights as provided in ORS 487.810, no test shall be given, but the police officer shall prepare a sworn report of the refusal and cause it to be delivered to the division. * * *"

The reference to ORS 482.540 to 482.560 relates to the authority and procedure for administrative operator's license suspension. ORS 487.810 entitles the arrested

person to reasonable opportunity to arrange an independent chemical test.[1]

■■ The admissibility of breathalyzer results obtained in violation of implied consent law procedures is controlled by ORS 487.820. The effect of enactment of this section was to limit earlier judicial refusal to admit into evidence in any criminal case breathalyzer results which had not been obtained in compliance with implied consent law procedures. ORS 487.820 narrows the application of those holdings to implied consent proceedings and prosecutions for driving under the influence of intoxicants. *State v. Stover,* 271 Or 132, 147, 531 P2d 258 (1975). The statute provides:

> "The provisions of the implied consent law, ORS 487.805 to 487.815, * * * shall not be construed by any court to limit the introduction of otherwise competent, relevant evidence in any civil action, suit or proceedings or in any criminal action other than a violation of ORS 487.540 [driving under the influence of intoxicants] or a similar municipal ordinance in proceeding under ORS 482.540 to 482.560."

The negative cast of ORS 487.820 which does not bar violative evidence in cases other than those under ORS 487.540, implies its converse: Evidence obtained in violation of implied consent procedures is not admissible in the trial of a charge of driving under the influence of intoxicants.

■ This being a driving under the influence of intoxicants case, the next question is whether the breathalyzer test was made in conformance with

---

[1]ORS 487.810 provides:

"In addition to a chemical test of the breath, blood, urine or saliva administered upon the request of a police officer, a person arrested for driving a motor vehicle upon the highways of this state while under the influence of intoxicants shall be permitted upon request, at his own expense, reasonable opportunity to have any licensed physician and surgeon, licensed professional nurse or qualified technician, chemist or other qualified person of his own choosing administer a chemical test or tests for the purpose of determining the alcoholic content of his blood. The failure or inability to obtain such a test or tests by a person shall not preclude the admission of evidence relating to a test taken upon the request of a police officer."

statutory requirements or, specifically, whether advice that defendant could lose his license anyway was sufficient compliance with the advice requirement of ORS 487.805(2).

The trial court held that the advice was insufficient under *State v. Freymuller,* 26 Or App 411, 413-14, 552 P2d 867 (1976), where we said:

> "The legislature has expressed a policy in the Implied Consent Law, ORS 487.805 et seq, that potential defendants are not to be tricked or misled. Therefore, when a person who is requested to take a breathalyzer test expressly inquires about his rights in the matter, as did the defendant in this case, that triggers a duty of the police officer to inform him of his right to refuse to take the test and the consequences of such refusal. Since one who mindlessly refuses to take a breathalyzer test is entitled to a full explanation of his statutory rights and responsibilities, ORS 487.805(2), it would be anomalous to hold that one who makes a legitimate inquiry is entitled only to an incomplete explanation, an inaccurate explanation or to no explanation at all." (Footnote omitted.)

Because *Freymuller* only involved false advice, the language of the opinion may be unnecessarily broad. An understandable summary of rights and consequences may suffice. We need not measure the allegation in this case against the holding in *Freymuller,* however, because the advice here omitted entirely an essential element, namely defendant's entitlement to opportunity for independent testing pursuant to ORS 487.810. It was therefore deficient as a matter of law and, pursuant to ORS 487.820, the evidence obtained as a result is not admissible in a case of driving under the influence of intoxicants.

Affirmed.