Argued April 24, reversed and remanded June 20, 1978

STATE OF OREGON, *Appellant,*
*v.*
WILLIAM LEE BAXTER, *Respondent.*
(No. 77-10119, CA 10015)
580 P2d 203

Dan E. Neal, Assistant District Attorney, Eugene, argued the cause for appellant. With him on the brief were J. Pat Horton, District Attorney, and Daniel J. Barkovic, Certified Law Student, Eugene.

Scott M. Galenbeck, Springfield, argued the cause for respondent. With him on the brief was Lively & Wiswall, Springfield.

Before Schwab, Chief Judge, and Lee, Richardson and Joseph, Judges.

RICHARDSON, J.

## RICHARDSON, J.

The defendant was arrested for driving under the influence of intoxicants, ORS 487.540. In a pretrial hearing, on defendant's motion to suppress the results of a breathalyzer test administered to him, the court ruled the test results were not admissible. The ruling was based on the failure of the arresting officer to advise the defendant of the consequences of refusal under the Implied Consent Law. ORS 487.805; 482.540 to 482.560. The state appeals.

Following his arrest defendant was requested to take a breath test. In response, defendant asked if he was required to take the test. The officer replied he did not have to take the examination but gave no further explanation of the consequences of a refusal. When the officer and defendant arrived at the jail he was allowed to talk with his attorney. Defendant testified he received no advice from his attorney respecting the consequences of refusal, but did discuss with his attorney whether he should submit to the breath test. Following the telephone conversation with his attorney defendant submitted to a breathalyzer examination.

The court, citing *State v. Freymuller,* 26 Or App 411, 552 P2d 867 (1976), ruled that since the defendant had made a request regarding his rights to refuse the test, and the officer had given an incomplete explanation, the test results were inadmissible.

The ruling of the court was based upon a misinterpretation of the holding in *Freymuller.* In that case the defendant, when requested to take a breath test, asked if he had to take the test. The officer replied he was required to do so by law. We held, that since an arrestee has a statutory right to refuse the test, the statement of the officer was misleading. The teaching of *Freymuller* is that a defendant cannot be tricked or misled into taking a breath test.

[ 965 ]

It is understandable that the defendant takes heart from the following dicta in *Freymuller*:

> "* * * [W]hen a person who is requested to take a breathalyzer test expressly inquires about his rights in the matter * * * that triggers a duty of the police officer to inform him of his right to refuse to take the test and the consequences of such refusal. * * *" 26 Or App at 413-14.

In light of the precise holding of *Freymuller*, this language is unnecessarily broad. We did not intend by this statement to impose a condition to the admissibility of the test results in a criminal trial.[1] The statute requires explanation of the consequences of refusal only if the arrested person refuses the test. There is no requirement, constitutional or statutory, that the person arrested be advised of his right to refuse or the consequences of refusal prior to taking the test. *State v. Osburn,* 13 Or App 92, 508 P2d 837 (1973). The only requirement imposed by our decision in *Freymuller* is that the arrestee not be misled or tricked into thinking he has no right to refuse the test.

Here the response by the police officer that defendant did not have to take the test was not misleading. The defendant, unlike the defendant in *State v. Freymuller, supra,* was aware he did not have to submit to the breath test and could refuse to abide by his implied consent and not submit to the test. There is no basis for a finding that the defendant was tricked or misled into submitting to the test.

Reversed and remanded.

---

[1] We are not here involved with a refusal to take the test as was the case in *State v. Creson,* 33 Or App 369, 576 P2d 814 (1978).