Argued April 24, reversed and remanded June 20, reconsideration denied
July 26, petition for review denied October 24, 1978

STATE OF OREGON, *Appellant,*
*v.*
WILLIAM ELLIS MALPASS, *Respondent.*
(No. T 45078, CA 10005)
580 P2d 209

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Robert S. Gardner, Corvallis, argued the cause for respondent. With him on the brief was Ringo, Walton, Eves & Gardner, P.C., Corvallis.

Before Schwab, Chief Judge, and Lee, Richardson and Joseph, Judges.

RICHARDSON, J.

## RICHARDSON, J.

Defendant was charged with the traffic infraction of driving under the influence of intoxicants, ORS 487.540. Prior to trial he moved to suppress the results of a breathalyzer test administered to him on the ground it was administered without his consent. The motion was granted and the state appeals, ORS 138.060(3).

At the hearing on the motion, the arresting officer testified that after taking defendant into custody he advised him he would be taken to the county jail and given an opportunity to take a breath test. At the jail, the officer testified, that with little discussion he said to defendant "Bill, would you step over here and blow into the machine?" The defendant complied without any requests for further information respecting his right to refuse the test.

The court made the following findings of fact:

"1) That Deputy Sheriff McLain directed and ordered the defendant to blow a breath sample into the breathalyzer machine.

"2) That the defendant did not have the opportunity to consent to giving a breath sample or to refuse to give a breath sample."

ORS 487.805(1) provides:

"Any person who operates a motor vehicle upon the highways of this state shall be deemed to have given consent * * * to a chemical test of his breath for the purpose of determining the alcoholic content of his blood if arrested for driving a motor vehicle while under the influence of intoxicants * * *. A test shall be administered *upon the request of a police officer* having reasonable grounds to believe the person arrested to have been driving while under the influence of intoxicants * * *." (Emphasis added.)

The trial court, based on the above emphasized portion of the statute, held the police officer must make a request, not in the form of an order, so that the arrested motorist may have an opportunity to refuse

the test. That statute also provides the arrested person is deemed to have given his consent to the test by driving on the highways of the state. No express consent is required to make the test results admissible. *State v. Freymuller,* 26 Or App 411, 552 P2d 867 (1976). Additionally, it is not a condition of admissibility of the test result that the officer advise the arrested person of his right to refuse the test. *State v. Osburn,* 13 Or App 92, 508 P2d 837 (1973).

■■ The portion of the statute we have emphasized merely requires that a police officer, having reasonable grounds to believe a person is driving under the influence of intoxicants, must initiate administration of the test. In essence, once he has reasonable grounds to believe the person arrested was driving under the influence of intoxicants, he can initiate the test. This he may do by requesting the test be given by a qualified operator or give it himself if he has the statutory qualifications. Getting the arrestee and the machine together may be accomplished by polite invitation, by unspoken directive or gruff command. The arrested person may initiate inquiries about his rights or simply refuse to take the test. The failure of the police officer affirmatively to "request" that the arrestee take the test does not deprive him of the opportunity to refuse.

Defendant argues that an order to take the test is tantamount to misleading the defendant into concluding he is required by law to take the test. He cites *State v. Freymuller, supra.* In *Freymuller* we held when the arrestee makes an inquiry about his rights respecting the test, the officer may not trick him into taking the test by giving misleading information. Since defendant made no inquiry of the officer and thus received no misleading information the principle of *Freymuller* is not applicable.[1]

Reversed and remanded.

---

[1] *State v. Creson,* 33 Or App 369, 576 P2d 814 (1978), is not applicable since the defendant did not refuse to take the test.