Argued and submitted December 12, 1979,
reversed and remanded for trial February 19, 1980

## STATE OF OREGON,
### *Appellant,*
### *v.*
## ELDON THEODORE BURNHAM,
### *Respondent.*

(No. J 062684, CA 15388)

606 P2d 214

James M. Brown, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

No appearance for respondent.

Before Joseph, Presiding Judge, and Lee and Richardson, Judges.

[617]

JOSEPH, P.J.

**JOSEPH, P.J.**

In this prosecution for driving under the influence of intoxicants, the state appeals from a pretrial order granting defendant's motion to suppress the results of a breathalyzer test. Defendant made no appearance in this appeal.

After defendant was arrested in Portland, a police officer asked him if he would take the breathalyzer test. When defendant paused before answering, the officer told him that if he did not take the test his license would be taken away for 120 days. Defendant then agreed to take the test. Defendant did not inquire further about the consequences of refusal, nor did he indicate at any time that he wished to refuse. The trial court found that defendant was misled in agreeing to take the test in that he was induced by the statement of the police officer, who did not fully inform him of his rights and volunteered information that was not necessarily accurate,[1] although there was no evidence of intent to mislead or of trickery on the part of the officer.

While it is true that the officer did not give defendant complete information concerning the consequences of his refusal to take the breathalyzer test,[2] absent

---

[1] For example, it could be established at the adjudicatory hearing provided for by ORS 482.550 following refusal to take the test that the officer at the time of the arrest did not have reasonable grounds to believe that the person was driving while under the influence of intoxicants.

[2] ORS 482.540 provides:

"(1) Upon receipt of the report of a police officer as required in subsection (2) of ORS 487.805, and in accordance with subsection (2) of this section and subsection (1) of ORS 482.550, the division shall suspend the reported person's license, permit or privilege to drive a motor vehicle in this state for a period of 120 days.

"(2) Upon the receipt of the report of the police officer, the division shall notify the reported person by mail of the intention to suspend and allow said person a 20-day period after the date of mailing said notice to request in writing a hearing before a representative of the division as provided in this section. If no request is filed within the 20-day period, the division shall thereupon suspend the license, permit or privilege of the person to drive a motor vehicle.

"(3) Notice of intention to suspend or notice of an order of suspension shall be served as provided in ORS 482.570."

[619]

inquiry from the driver the officer was not required to inform him of anything. *State v. Malpass*, 34 Or App 971, 974, 580 P2d 209, *rev den* 284 Or 80 (1978).[3] Furthermore, we held in *State v. Downing*, 42 Or App 309, 312, 600 P2d 897 (1979), that the statement that refusal to take the test would result in the loss of a driving license for 120 days was accurate. Even if we were to assume *arguendo* that such information was not accurate, this is nonetheless not the kind of situation as in *State v. Freymuller*, 26 Or App 411, 413, 552 P2d 867 (1976), where the arrested driver made an inquiry concerning his right to refuse to take the test and was incorrectly informed that he had no right to refuse. Here, there was neither an inquiry by defendant concerning the right of refusal or the consequences of refusal, nor any misinformation concerning that right. We emphasize that ORS 487.805(1) provides that all licensed drivers impliedly consent to the breathalyzer test. Absent the narrow *Freymuller* situation when an arrested driver is misled or tricked into thinking there is no right of refusal to take the test, or the situation in *State v. Scharf, supra* n 3, when the arrested driver is not allowed to contact legal counsel prior to taking the test, suppression of the results of the breathalyzer is not warranted.

Reversed and remanded for trial.

---

[3] In *State v. Scharf*, 288 Or 451, 605 P2d 690 (1980), the Supreme Court ruled that refusal to allow an arrested driver to contact legal counsel prior to taking a breathalyzer test requires suppression of the results. Despite frequent use of the phrase "informed choice" to describe what the legislature intended should form the basis of submission to the test, the court specifically stated:

"*** The statute [ORS 487.805] provides that the officer is to 'request' submission to the test, not order it. *If the driver objects*, the request is to be followed by an explanation of the consequences of a refusal for the driver's license, ORS 487.805(2), and of the driver's right to obtain a test of his own, ORS 487.810. ***" (Emphasis added.) 288 Or at 457-458.