Argued and submitted April 11, reversed and remanded May 5, 1980

STATE OF OREGON,
*Appellant,*
*v.*
GAY LINDA BROWN,
*Respondent.*
(No. 79-05550, CA 16474)
610 P2d 320

Frank R. Papagni, Jr., Assistant District Attorney, Eugene, argued the cause for appellant. With him on the brief was J. Pat Horton, District Attorney for Lane County, Eugene.

Scott M. Galenbeck, Springfield, argued the cause for respondent. With him on the brief was Lively, Wiswall, Svoboda, Thorp & Dennett, Springfield.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

ROBERTS, J.

**ROBERTS, J.**

In this driving under the influence of intoxicants case, the state appeals from the pretrial suppression of the results of the breathalyzer test.

The following facts are not contested. After her arrest, defendant was asked by the arresting officer to take a breathalyzer test. Defendant asked what would happen if she were to refuse. The officer advised her that she had a right to refuse to take the test and that her driver's license could be suspended for 120 days if she did refuse. He further advised her that she had a right to have an independent chemical test of her blood or urine. He stated that he had read defendant these rights off a card three or four times.

The officer testified that he specifically remembered telling defendant that she had a right to a hearing with the Motor Vehicles Division if her license was suspended, but he could not remember informing her of her right to appeal the suspension of her driver's license to a circuit court.

Defendant spent about 30 minutes making up her mind, then decided to take the test.

The trial court suppressed the breathalyzer evidence based on the officer's failure to advise defendant of her right of appeal to the circuit court. We reverse.

Defendant argues that her hesitation coupled with her inquiry amounted to a refusal which triggered a statutory requirement that she be fully advised of the consequences. ORS 487.805(2); *State v. Creson,* 33 Or App 369, 576 P2d 814 (1978). We need not determine whether the rights and obligations explained to defendant would have been sufficient to satisfy the requirements of ORS 487.805(2) because we find that she did not refuse to take the test.

The response of defendant in this case is virtually indistinguishable from that of the defendant in *State v. Baxter,* 34 Or App 963, 580 P2d 203 (1978). In that

case the defendant, upon being asked to submit to the breathalyzer, asked if he was required to take the test. The officer replied that he did not have to take the test, but gave no further explanation of the consequences of a refusal. Noting that there is no statutory requirement that an arrestee be informed of his right to refuse the test, we held that the only requirement in the case of an inquiring arrestee is that he "not be misled or tricked into thinking he has no right to refuse the test." [1] 34 Or App at 966.

Here, there is no indication that the defendant was tricked into believing she had to take the test. The officer's explanation went beyond that required by *State v. Baxter, supra,* and was a sufficient answer to the inquiry.

Reversed and remanded.

---

[1] This holding expressly narrowed our prior holding in *State v. Freymuller,* 26 Or App 411, 552 P2d 867 (1976), wherein we had stated in dicta that

"'* * * [W]hen a person who is requested to take a breathalyzer test expressly inquires about his rights in the matter * * * that triggers a duty of the police officer to inform him of his right to refuse to take the test and the consequences of such refusal. * * *'" 34 Or App at 966.