Argued and submitted July 28, affirmed September 22, 1980

# STATE OF OREGON,
## *Respondent,*
#### *v.*
# KELLY PIERCE COY,
## *Appellant.*

### (No. CR80-1, CA 17273)

616 P2d 1194

Sally L. Avera, Dallas, argued the cause for appellant. With her on the brief was Avera and Avera, Dallas.

Duane W. Halblieb, Deputy District Attorney, Dallas, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

RICHARDSON, P.J.

### RICHARDSON, P.J.

Defendant was charged with driving under the influence of intoxicants. His pretrial motion to suppress the results of a breathalyzer examination was denied and he was subsequently convicted. He appeals the court's ruling. We affirm.

On January 1, 1980, at approximately 7:10 p.m., defendant was arrested for driving under the influence of intoxicants. After being transported to jail, the arresting officer gave defendant an opportunity to take a breathalyzer test. Defendant requested a chemical blood test. He was told by the officer that a blood test was available, at his own expense. Having insufficient funds, defendant abandoned his request and took the breathalyzer test.

At the hearing, the defendant testified that he also told the officer he did not want to take the breathalyzer test. The officer stated that the defendant did not indicate a desire to refuse the breathalyzer test but only a wish to take the blood test. Both agreed that after being advised of the financial burden, defendant submitted to the breathalyzer test.

Defendant contends his response to the officer constituted a refusal to submit to the test and obligated the officer to fully inform him of his rights as provided in ORS 487.805(2).[1] *State v. Creson,* 33 Or App 369, 576 P2d 814 (1978). He further argues that the officer's response was insufficient to satisfy the statutory requirements.

In *State v. Baxter,* 34 Or App 963, 580 P2d 203 (1978), we noted:

---

[1] ORS 487.805(2) provides:

"(2) No chemical test of the person's breath shall be given, under subsection (1) of this section, * * * if the person refuses the request of a police officer to submit to the chemical test after the person has been informed of:

"(a) The consequences of a refusal under ORS 482.540 to 482.560 and this section; and

"(b) The person's rights under ORS 487.810."

"* * *The statute requires explanation of the consequences of refusal only if the arrested person refuses the test. There is no requirement, constitutional or statutory, that the person arrested be advised of his right to refuse or the consequences of refusal prior to taking the test. *State v. Osburn,* 13 Or App 92, 508 P2d 837 (1973). * * *" 34 Or App at 966.

■ Based on the testimony at the hearing, the trial court determined that there had been no refusal and therefore no obligation to advise defendant of any statutory rights or consequences. The defendant's response was not the unequivocal refusal required in ORS 487.805(2) to trigger the statute's requirements. There was no obligation to advise the defendant of the consequences of refusal. We need not determine the sufficiency of the officer's comments.

■ Defendant's second claim is that the officer's response was misleading and required suppression under *State v. Freymuller,* 26 Or App 411, 552 P2d 867 (1976). The statutory right to refuse the breathalyzer test, *State v. Annen,* 12 Or App 203, 504 P2d 1400, *rev den* (1973), requires only that an arrestee not be misled or tricked into thinking he has no right to refuse the test. *State v. Brown,* 46 Or App 61, 610 P2d 320 (1980); *State v. Burnham,* 44 Or App 617, 606 P2d 214 (1980); *State v. Downing,* 42 Or App 309, 600 P2d 897 (1979); *State v. Baxter, supra.*

■ The officer's statement that the defendant would bear the expense of the requested blood test was accurate.[2] After realizing he could not afford the alternative test, he chose to take the breathalyzer. There is no basis to conclude that defendant was tricked or misled in any way. The test results were properly admissible.

Affirmed.

---

[2] ORS 487.810 provides:

"In addition to a chemical test of the breath, * * * a person arrested for driving a motor vehicle * * * while under the influence of intoxicants shall be permitted upon request, at his own expense, reasonable opportunity to have * * * a chemical test or tests for the purpose of determining the alcoholic content of his blood.* * *"