Submitted on record and appellant's brief March 15,
reversed and remanded for trial August 18, 1982

STATE OF OREGON,
*Appellant,*

*v.*

DONNA CARMEN ROMERO,
*Respondent.*

(No. 80-18724, CA A23048)

649 P2d 596

Dave Frohnmayer, Attorney General, William F. Gary, Solicitor General, and Robert E. Barton, Assistant Attorney General, Salem, filed the brief for appellant.

Douglas J. Dennett, and Wiswall, Svoboda, Thorp & Dennett, P.C., Springfield, waived appearance for respondent.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant was charged with driving under the influence of intoxicants. ORS 487.540. Her pretrial motion to suppress the results of a chemical breath test was granted, and the state appeals. Defendant made no appearance in this appeal. We reverse.

The facts of the case are not in dispute. Defendant was stopped by an Oregon State Police officer at approximately 11:30 p.m. on June 28, 1980, after she was observed driving erratically. She was arrested and taken to the local patrol office, where a chemical breath test was to be administered. At the patrol office the officer informed defendant of the "consequences and rights of a driver under the Implied Consent Law," ORS 487.805 to 487.835 and 482.540 to 482.560.[1] Defendant was unsure whether she wished to submit to the breath test. After further conversation, the following tape-recorded exchange took place:

"[Defendant]: So which is worse—to refuse or go ahead and take this? I—don't know—.

"[Officer]: Well, that's all relative, you know. It's up to the individual. If you don't feel you're that bad, then—

"[Defendant]: I don't think I am, you know.

"[Officer]: —Then I'd take the breath test.

"[Defendant]: Uh-huh.

"[Officer]: But, like I say, it's up to you.

"[Defendant]: And, what if—Okay, if you refuse, then what happens?

"[Officer]: Then you just sign a refusal and we take you right down to jail. Your license is automatically suspended for four months.

---

[1] The officer stated to defendant:

"These are the consequences and rights of a driver under the Implied Consent Law. Okay, if you refuse to take a breath test the fact you refused may be admitted in court and your driver's license will be suspended for 120 days. Upon your request you'll be granted a hearing. If the hearing is adverse to you, you may appeal the matter to the circuit for trial, jury trial, if you wish. After you take the breath test, you'll be permitted upon your request and at your own expense, reasonable opportunity to obtain the services of a doctor, surgeon, licensed nurse, qualified technician or chemist, or other qualified person of your choosing to administer a chemical test or tests to determine the alcohol content of your blood in addition to the breath test given by the police officer."

"[Defendant]: Even though—

"[Officer]: Even though you're—you may have blown less than a one oh [.10] on the machine.

"[Defendant]: That's—very—that's very harsh.

"[Officer]: Yeah, it is. That's because, ah, you're expected when you're driving to submit to one of these.

"[Defendant]: Okay."

Soon thereafter, defendant submitted to the breath test with no further discussion of whether she would refuse to submit.

Prior to trial, defendant moved to suppress the breath test results on the ground that she had been misled by the officer. She testified that her understanding of what the officer told her was: "If I didn't submit to it, I would go to jail and automatically lose my license for 120 days." She understood that, whether or not she submitted to the test, she would be immediately transported to the jail. She believed, however, that if she refused to take the test she "would probably have to stay in jail * * * and get out later on," but if she took the test she would be arraigned and would get out of jail sooner.

■■ The results of a chemical breath test are inadmissible if the arresting officer tricks or misleads the defendant into thinking he has no right to refuse the test. *State v. Downing,* 42 Or App 309, 600 P2d 897 (1979); *State v. Baxter,* 34 Or App 963, 580 P2d 203 (1978); *State v. Freymuller,* 26 Or App 411, 552 P2d 867 (1976). The crux of the analysis in those cases is whether the words of the officer tricked or misled the defendant into taking the test. It is the objective accuracy of the officer's statements and not the defendant's subjective perceptions that control. Application of the particular exclusionary rule would be unworkable if it were made to depend on the perceptions of a person arrested for driving while under the influence of intoxicants.

■ Here the officer gave defendant complete and accurate information respecting her right to refuse the test and the consequences of a refusal. The officer's statement, quoted above, that she would be transported to jail after a

refusal was also accurate. Defendant construed that statement to mean that if she refused to submit to the test, she would stay in jail longer than if she submitted. Her subjective appraisal of information that was neither inaccurate nor misleading is not a basis to suppress the test result.

Reversed and remanded for trial.