Argued and submitted November 20, 1991, affirmed November 18, 1992

# STATE OF OREGON,
### *Respondent,*

### *v.*

# JAMES DATSON HERNDON,
### *Appellant.*

### (90D105418; CA A69370)
841 P2d 667

Jon F. Strock, Gladstone, argued the cause and filed the brief for appellant.

Douglas F. Zier, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

## RIGGS, J.

Defendant appeals his conviction for driving under the influence of intoxicants (DUII). ORS 813.010. He assigns as error the trial court's denial of his motions to suppress the results of field sobriety and breath tests. He argues that the field sobriety tests were administered in violation of statutory procedures and that he was denied adequate assistance of counsel before deciding to submit to a breath test. We affirm.

The facts are not in dispute. On July 20, 1990, Oregon State Police Trooper Beach pulled defendant over on suspicion of DUII. He asked defendant to perform field sobriety tests but did not inform him, as required by ORS 813.135, that his failure or refusal to perform the tests could be used as evidence against him. Defendant performed the tests. On the basis, at least in part, of his performance of those tests, defendant was arrested for DUII. At the jail, Beach advised him of his rights and the consequences of refusing or failing to take a breath test. Defendant asked to talk with his lawyer before deciding whether to submit to the breath test and was allowed to make a phone call. Defendant engaged in a long and casual conversation on the phone, which prompted Beach to ask him if he was really talking to a lawyer. Defendant handed the phone to Beach, who then spoke with defendant's lawyer. The attorney told Beach that he was not a criminal lawyer and asked him what defendant's penalty would be if he failed the breath test or was convicted of DUII. Beach said that he had a copy of defendant's driving record and that defendant was, or appeared to be, diversion eligible. The attorney advised defendant that he was diversion eligible but that it was up to him whether he should take the test. Defendant testified that he remembered that he had been through a diversion for DUII in 1983 and that he thought he remembered the judge telling him that he would be ineligible for diversion for at least 10 years. He also testified that he did not tell his attorney that he had been arrested for DUII before, or that he had been through diversion, and that he chose not to question his attorney's advice that he was diversion eligible. Instead, defendant relied on that advice, took the breath test and "blew" 0.14. He was convicted of DUII. He was not diversion eligible because of his 1983 DUII diversion. ORS

813.215(2).[1] He was sentenced to 60 days in jail, which was suspended, and 80 hours of community service and was ordered to enter an alcohol counseling program and pay fees and assessments.

The first assignment of error is that the court erred in admitting evidence of defendant's field sobriety tests. The trial court did not err. *State v. Trenary*, 114 Or App 608, 836 P2d 739 (1992).

In his second assignment of error, defendant argues that the trial court erred in denying his motion to suppress the results of his breath test. He argues that that test was performed in violation of ORS 813.100, in violation of his right to counsel under Article I, sections 11 and 12, of the Oregon Constitution, and in violation of his rights to counsel and due process under the Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution.

Defendant concedes that he was allowed to call his attorney. He does not complain about his attorney's conduct or competence. Rather, he complains that Beach's inaccurate assessment of his driving record had the effect of misleading him into taking the test and of denying him his state and federal constitutional rights to counsel and due process. We address the statutory argument first and then the state constitutional issues before considering defendant's federal constitutional claims. *State v. Kennedy*, 295 Or 260, 666 P2d 1316 (1983).

■    Defendant relies on *State v. Freymuller*, 26 Or App 411, 552 P2d 867 (1976), and ORS 813.100, and argues that, if a DUII suspect is misled into taking a breath test, the results of the test should be suppressed.[2] He argues that

_____

[1] ORS 813.215 provides, in part:

"A defendant is eligible for diversion if:

"* * * * *

"(2) The defendant was not participating in a driving while under the influence of intoxicants diversion program or in any similar alcohol or drug rehabilitation program in this state or in any other jurisdiction on the date of commission of the present offense and within 10 years before the date of commission of the present offense the defendant has not participated in any such program[.]"

[2] *Freymuller* interpreted *former* ORS 487.805(2). Although it has been amended several times, and renumbered, since *Freymuller*, defendant would apply *Freymuller* to the current Implied Consent Law, specifically ORS 813.100.

Beach's assessment of his driving record was misleading and that he would not have taken the test had he known that he was not diversion eligible. Therefore, he argues, he was misled, and *Freymuller* requires that the results of his breath test be suppressed. *Freymuller* was clarified in *State v. Baxter,* 34 Or App 963, 580 P2d 203 (1978), where we said that

> "the only requirement imposed by our decision in *Freymuller,* is that the arrestee not be misled or tricked into thinking he has no right to refuse the test." 34 Or App at 966

*See also State v. Coy,* 48 Or App 267, 270, 616 P2d 1194 (1980).

As an initial matter, we note that *Freymuller* and its progeny are of questionable authority, because those cases all rely on the premise that a DUII suspect has a *right* to refuse to submit to a breath test and that such a refusal must be knowing and voluntary. Both premises were rejected by the Supreme Court in *State v. Newton,* 291 Or 788, 792-93, 636 P2d 393 (1981).[3] Even assuming that the *Freymuller/Baxter* standard is still valid, it was not violated in this case. The inaccurate information supplied by Beach, although it possibly made the decision to take the breath test more appealing, did not mislead or trick defendant into thinking that he had *no* choice but to take the test. We proceed to defendant's state constitutional claims.

■      Under Article I, section 11, a driver arrested for DUII has a

> "right upon request to a reasonable opportunity to obtain legal advice before deciding whether to submit to a breath test." *State v. Spencer,* 305 Or 59, 74, 750 P2d 147 (1988).

When the state is required to provide information to a defendant, failure to supply that information, for whatever reason, can result in a violation of his right to counsel. In this case, however, Beach was under no duty to provide the information requested.

---

[3] As noted in note 2, *supra,* the legislature has made several changes to the Implied Consent Law since *Freymuller* was decided. However, those changes were not the reason for the Supreme Court's ruling in *Newton* rejecting the underlying premises of *Freymuller*.

■    Although inaccurate information from a police officer might influence the advice that an attorney gives his client, we do not think it amounts to a violation of a defendant's Article I, section 11, rights under these circumstances. Defendant's attorney asked the officer for more than mere information; he requested and received a legal opinion, an evaluation of defendant's circumstances and the possible consequences. Beach gave a qualified answer,[4] based on limited information, in good faith.[5] Both the attorney and defendant chose to accept that evaluation without question. It is especially significant that defendant himself had reason to doubt the accuracy of the conclusion that he was diversion eligible and not only chose not to question it, but also chose not to tell his attorney that he had been arrested and had gone through a diversion for DUII in 1983. Given the circumstances, the officer's statement does not amount to a violation of defendant's rights under the Oregon constitution.

■    On his motion to suppress, defendant argued that his Article I, section 12, rights were also violated by Beach's inaccurate assessment of his driving record. The argument is confusing because that section protects a defendant against double jeopardy and self-incrimination. Defendant does not develop his section 12 argument, so we can only assume that he means that he was compelled to incriminate himself by virtue of his breath test results.

The privilege against self-incrimination is not implicated by the requirement that a defendant submit to a breath test. The results are not testimonial or communicative but

---

[4] The record indicates, and defendant states in his brief, that the officer's evaluation was qualified and did not suggest with certainty that defendant was diversion eligible. Defendant testified only that his attorney told him that he was diversion eligible. Defendant's attorney testified that the officer told him that he had defendant's "driving record right here * * * and there's nothing on it. He would be eligible for diversion." Beach testified that he told the attorney that "it appears that [defendant] may qualify for diversion if he's never been arrested before and I don't know * * *. There was no indication [on his driving record] that he had been convicted of DUII, so I didn't know for sure." In his brief, defendant states that Beach told the attorney that "defendant appeared to be diversion eligible."

[5] The trial court found:

"The arresting officer may have misrepresented the defendant's driving record to the attorney, but did so unintentionally and without malice;

"The officer did not intend to interfere with the defendant's right to effective representation."

are evidence to which the state is entitled. *State v. Gardner*, 52 Or App 663, 669, 629 P2d 412, *rev den* 291 Or 419 (1981). The statutorily imposed consequences of a refusal are intended to coerce compliance with the Implied Consent Law to supply real or physical evidence of the alcohol content of blood. *State v. Newton, supra*, 291 Or at 792-93. Defendant's privilege against self-incrimination under Article I, section 12, was not violated. We turn now to defendant's federal constitutional arguments.

As with his Article I, section 12, argument, defendant does not develop his federal constitutional arguments. He merely asserts a violation of his rights to due process and counsel as guaranteed by the Fifth, Sixth and Fourteenth Amendments. The due process guaranteed by the Fifth and Fourteenth Amendments does not prohibit a state from compelling a driver to submit to blood alcohol testing. *Schmerber v. California*, 384 US 757, 758-60, 86 S Ct 1826, 16 L Ed 2d 908 (1966). The Sixth Amendment right to counsel does not attach until the initiation of "adversary judicial proceedings," *Kirby v. Illinois*, 406 US 682, 688, 92 S Ct 1877, 32 L Ed 2d 411 (1972), "whether by way of formal charge, preliminary hearing, indictment, information, or arraignment." *United States v. Gouveia*, 467 US 180, 188, 104 S Ct 2292, 81 L Ed 2d 146 (1984). Defendant had not been formally charged when he was asked to submit to a breath test and, therefore, his Sixth Amendment right to counsel had not attached. Defendant's federal constitutional rights to due process and counsel were not violated.

Affirmed.