Argued and submitted August 28, 1992, reversed and remanded for new trial
March 17, 1993

# STATE OF OREGON,
*Respondent,*

*v.*

# KEITH ALAN LYONS,
*Appellant.*

## (TM91-0893; CA A71167)

848 P2d 1230

Dan Maloney, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Rossman, Presiding Judge, and De Muniz and Leeson,* Judges.

De MUNIZ, J.

---

* Leeson, J., *vice* Buttler, J., retired.

## De MUNIZ, J.

A jury convicted defendant of driving under the influence of intoxicants. ORS 813.010. The court suspended imposition of sentence and placed him on probation. Defendant contends that the court erred by denying his motion to suppress the result of a breath test, because the officer who gave him the test had not advised him of his rights regarding the test and the consequences of refusing to take it. We reverse.

Early one morning, Russell heard squealing tires and a loud bang. He ran out of his house and saw defendant's car in the middle of the street. Defendant was standing near the front of the car, examining it and swearing. He said he had hit the curb. Russell could smell the aroma of alcohol wafting from defendant, who was 8 to 10 feet away from him. Russell went back inside and called the police.

Officer Nichols came to the accident scene and found defendant and his car. He asked defendant to perform some field sobriety tests, and defendant voluntarily took them. Nichols advised defendant of his constitutional rights, arrested him and took him to jail. He then asked defendant to take a breath test, and defendant complied. The intoxilyzer indicated that defendant's blood alcohol content was 0.18%.

Defendant moved to suppress the breath test result on the ground that Nichols had not informed him of his rights regarding the test and the consequences of refusing to take it. ORS 813.100(1).[1] The court denied the motion, and the test result was admitted at defendant's trial.

■ The state concedes that Nichols did not give defendant the required information before defendant took the test. It argues that the court correctly denied defendant's motion, because defendant voluntarily took the test. That argument would have been correct before 1986, but it is not now.

Under the predecessor of ORS 813.100, an officer was required to inform a driver of the "rights and consequences" only if the driver initially refused to take the breath

---

[1] ORS 813.100(1) provides, in part:

"Before the [breath] test is administered the [driver] shall be informed of consequences and rights as described under ORS 813.130."

test. *Former* ORS 487.805(2);[2] *see State v. Newton*, 291 Or 788, 799-800, 636 P2d 393 (1981); *State v. Trenary*, 114 Or App 608, 612, 836 P2d 739, *rev allowed* 314 Or 727 (1992). Unless the driver initially refused to take the test, the result would be suppressed only if police had misled or tricked the driver into thinking that there was no right to refuse to take it. *State v. Romero*, 58 Or App 550, 553, 649 P2d 596 (1982); *State v. Creson*, 33 Or App 369, 576 P2d 814 (1978).

■    Now, an officer must *always* inform a driver of the "rights and consequences" before administering a breath test. Or Laws 1985, ch 672, §§ 19, 26; Or Laws 1985, ch 16, §§ 298, 476, 477. The officer has that obligation, even if the driver has voluntarily consented to take the test without initially refusing. *See State v. Trenary, supra; State v. Weishar*, 78 Or App 468, 478, 717 P2d 231, *rev den* 301 Or 338 (1986). Defendant had the right to be properly informed before taking the test, and he was not.

■ ■    The statutorily required warnings for field sobriety tests are solely coercive in nature, because the officer is required only to inform the driver of the adverse *consequences* of refusing to take the tests. Consequently, suppression of field sobriety test results is not required if the driver voluntarily takes them without first being given the required warnings. *State v. Trenary, supra*, 114 Or App at 613. In contrast, ORS 813.100(1) requires an officer to inform the driver of *rights* regarding the breath test. Because that information is of a protective nature, failure to provide it before administering a breath test requires suppression of the test result. *State v. Trenary, supra; State v. Creson, supra.* Defendant's voluntary consent to take the breath test and the fact that Nichols gave him an implied consent form after the test are irrelevant. The court erred by denying the motion to suppress.

■    The state contends that, even if the court erred by admitting the test result, the error was harmless. OEC 103(1). We conclude that defendant was prejudiced, because

---

[2] *Former* ORS 487.805(2) provided, in part:

"If a person under arrest for [DUII] refuses the request of a police officer to submit to a chemical test of his breath * * *, and if the person has been informed of the consequences of such refusal * * * [and] of his rights [regarding the test], no test shall be given * * *." Or Laws 1975, ch 451, § 149.

the court later gave instructions to the jury that may have led it to convict defendant solely on the basis of the test result that should have been excluded.

The court instructed the jury:

"[You may find the defendant guilty, if you find that] while driving the vehicle, the defendant either had .08% or more by weight of alcohol in his blood as shown by chemical analysis of his breath or blood, or that he was under the influence of an intoxicating liquor. * * *

" 'Under the influence of intoxicating liquor' means that the person's physical or mental faculties were adversely affected to a noticeable or perceptible degree."[3]

The state presented substantial evidence that defendant was under the influence, and defendant does not contend that the court erred by admitting that evidence.[4] However, the jury's general verdict precludes us from determining whether it convicted defendant on the basis of the inadmissible breath test result, the admissible other evidence or a combination of both.

The court's instruction permitted the jury to convict defendant solely on the basis of a test result that should have been suppressed. Because the jury may have relied on the breath test result, we cannot say that there is little likelihood that the error affected the jury's verdict. Or Const, Art VII (amended), § 3; *State v. Walton*, 311 Or 223, 330, 809 P2d 81 (1991).

Reversed and remanded for a new trial.

---

[3] ORS 813.010(1) provides, in part:

"A person commits the offense of [DUII] if the person drives a vehicle while the person:

"(a) Has .08 percent or more by weight of alcohol in the blood of the person as shown by chemical analysis of the breath or blood * * *; [or]

"(b) Is under the influence of intoxicating liquor or a controlled substance[.]"

Amendments to the remaining subsections of ORS 813.010 became effective on October 1, 1992, but they have no relevance to this case. Or Laws 1991, ch 835, §§ 7, 9.

[4] For example, defendant performed very poorly on the field sobriety tests, and he testified that he had consumed five beers and two coffee drinks before the accident. He also testified that he drank three or four ounces of Southern Comfort and a beer chaser after the accident but before the officer arrived.