Argued and submitted February 20, 1981, reversed January 11, reconsideration denied March 23, petition for review allowed June 2, 1982 (293 Or 190)

In the Matter of the Refusal
to Submit to a Breath Test by:

BUNTEN,
*Appellant,*

*v.*

STATE OF OREGON,
MOTOR VEHICLES DIVISION,
*Respondent.*

(No. A7902 00583L, CA 18170)

639 P2d 135

Stanley H. Brown, Jr., Certified Law Student, Dallas, argued the cause for appellant. On the brief were Philip Hayter and Hayter, Shetterly and Irick, Dallas.

Peggy S. Foraker, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

This is a civil action in which the circuit court affirmed a decision by the Department of Motor Vehicles suspending appellant's license to drive a motor vehicle for 120 days for failure to submit to a breath test. We reverse.

Appellant was arrested for driving under the influence of intoxicants and taken to the Washington County jail. On arrival, he was asked to take a breath test. He asked if he could call his attorney before submitting to the test; he was told he could not. Appellant then refused to take the test without advice from counsel.

Appellant's sole assignment of error on appeal is his contention that a decision not to take a breath test, when he has been denied the right to consult with counsel before deciding, is not a "refusal" to take a test under ORS 487.805(2).[1] He relies on *State v. Scharf,* 288 Or 451, 605 P2d 690 (1980), where the Supreme Court held, in an appeal involving the criminal offense of driving under the influence of intoxicants, that it was reversible error to deny a defendant the right to consult with counsel as to whether to take a breath test.

As noted, *Scharf* was a criminal case, and defendant argues by analogy. In any event, *Scharf* has since been

---

[1] ORS 487.805(1) and (2) provides:

"(1) Any person who operates a motor vehicle upon the highways of this state shall be deemed to have given consent, subject to ORS 487.805 to 487.835, to a chemical test of the person's breath for the purpose of determining the alcoholic content of the person's blood if the person is arrested for driving a motor vehicle while under the influence of intoxicants in violation of ORS 487.540 or of a municipal ordinance. A test shall be administered upon the request of a police officer having reasonable grounds to believe the person arrested to have been driving while under the influence of intoxicants in violation of ORS 487.540 or of a municipal ordinance.

"(2) No chemical test of the person's breath shall be given, under subsection (1) of this section, to a person under arrest for driving a motor vehicle while under the influence of intoxicants in violation of ORS 487.540 or of a municipal ordinance, if the person refuses the request of a police officer to submit to the chemical test after the person has been informed of:

"(a) The consequences of a refusal under ORS 482.540 to 482.560 and this section; and

"(b) The person's rights under ORS 487.810.

"* * * * *."

overruled on the specific criminal law question it decided by *State v. Newton,* 291 Or 788, 636 P2d 393 (1981). However, the court in *Newton* also saw fit to address the problem presented here:

"* * * Defendant's freedom to call a lawyer before deciding to submit to breathalyzer testing was not safeguarded in this situation by the Sixth or Fourth Amendments, but, under the Fourteenth Amendment, his freedom to do so could not be foreclosed or deferred unless the police were authorized to do so. Defendant's liberty to communicate as he chose was to be free from 'purposeless restraints,' but subject to lawful restraints. * * * " 291 Or at 806-807.

Although this statement in *Newton* is, strictly speaking, *dictum,* it and the accompanying text strongly indicate that the court has considered the subject matter of this present appeal and intended to speak to it.

■ ■ We draw from *Newton* the following guideline: a person arrested for driving under the influence of intoxicants has a right to consult with counsel before he may be required to decide whether to submit to a breath test *unless* (1) the delay inherent in making the call would defeat the purpose of the test, (2) no telephone is available on which to make the call, or (3) some other reason exists which would make an individual's exercise of the right likely to invalid the test. A review of the record in this case indicates that none of the circumstances justifying denial of the right to consult with counsel was present here. Appellant's "refusal" occurred because of a violation of his right to consult with counsel; that is not a valid "refusal" under ORS 487.805(2), *supra,* n 1. *See Moore v. MVD,* 55 Or App 510, 638 P2d 1171 (1982).

Reversed.