531

Argued and submitted March 29, affirmed December 8, 1982

STATE OF OREGON,
*Appellant,*

*v.*

ANDREW CHARLES BATTENBERG, JR.,
*Respondent.*

(No. T78730, CA 19357)

654 P2d 1146

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Kevin J. Freeman, Lebanon, argued the cause for respondent. With him on the brief was Morley, Thomas, Kingsley & Reuter, Lebanon.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

**GILLETTE, P. J.**

In this criminal case, defendant is charged with driving under the influence of intoxicants (DUII). The state appeals, pursuant to ORS 138.060(3), from a pretrial order of the district court suppressing evidence of defendant's refusal to take a breath test. We affirm.

On October 12, 1979, at about 11:10 p.m., Trooper Gibson of the Oregon State Police arrested defendant for DUII. According to Gibson, defendant appeared to be "intoxicated," as demonstrated by his erratic driving and his poor performance on field sobriety tests. After arresting defendant, Gibson advised him of his rights, but defendant refused to sign an advice-of-rights card. At the Linn County Jail, defendant was offered a breath test.

Defendant and Gibson differ in their accounts of what happened regarding the breath test. Because the trial court ruled in his favor, we accept defendant's version. According to defendant, he requested permission to call a particular attorney, whose business card he had, in order to ask advice on taking the test. Defendant testified that the officer responded by telling him that, if he insisted on calling an attorney before taking the test, it would be deemed to be the same as a refusal to take the test. He did insist, and he was not permitted to make a telephone call. He did not take the test.[1] The trial judge suppressed evidence of this "refusal."

The state points out that the trial judge's decision to suppress evidence of defendant's refusal was based on the court's application of *State v. Scharf,* 288 Or 451, 605 P2d 690, *rev den* 288 Or 621 (1980), and that *Scharf* has since been overruled by *State v. Newton,* 291 Or 788, 636 P2d 393 (1981). The state is descriptively correct. In *Scharf,* which was decided on statutory grounds, the court held that, under circumstances substantially similar to those of the present case, the results of a defendant's DUII breath test were inadmissible. In *Newton,* the court directly overruled *Scharf,* holding that an arrested driver does not have

---

[1] On cross-examination, defendant testified that Gibson advised him of his right to an independent blood test and of the consequences of his refusal to take the test.

a *statutory* right to consult with an attorney before deciding whether to submit to a breath test. 291 Or at 791-800. The court then went on to reach a question not answered in *Scharf,* namely, whether there is a *constitutional* right to counsel when a driver is asked to take the test. The court held that there is no such right. 291 Or at 804-05. The court did find, however, that there is a Fourteenth Amendment "liberty interest" that gives an arrested person a general right to call his attorney after his arrest, subject to reasonable restrictions on that right. 291 Or at 805-07. Nevertheless, the court declined to apply the exclusionary rule to breath-test evidence obtained by a violation of that liberty interest. 291 Or 809-13. The state urges that the rationale of *Newton* also dictates that evidence of defendant's refusal to consent to a breath test is admissible even though defendant's "refusal" was his attempt to exercise his Fourteenth Amendment "liberty interest."

The "refusal" that the trial judge suppressed in this case is the refusal contemplated by Oregon's Implied Consent Law, ORS 487.805 to 487.885. That refusal is specifically identified as a refusal to submit to the chemical test of a defendant's breath or blood as required by the Implied Consent Law. ORS 487.805(2). It is specifically made admissible by ORS 487.805(4), which provides:

> "(4) If a person under arrest refuses to submit to a chemical test under subsection (2) of this section or refuses to consent to chemical tests as under ORS 487.835, evidence of the person's refusal is admissible in any civil or criminal action, suit or proceeding arising out of acts alleged to have been committed while the person was driving a motor vehicle on the highways while under the influence of intoxicants."

In light of the statutes, then, the first question is whether defendant's actions in this case were a "refusal" under ORS 487.805(2), so that ORS 487.805(4) comes into play.[2] They were not.

We have previously held that a defendant's exercise of his Fourteenth Amendment "liberty interest" to call an attorney is not, *per se,* a refusal to take a breath test

---

[2] The state has not suggested any other basis for the admissibility of the suppressed evidence.

under ORS 487.805. *Moore v. Motor Vehicles Division,* 55 Or App 510, 638 P2d 1171 (1981); *Bunten v. Motor Vehicles Division* 55 Or App 515, 639 P2d 135 (1981). The Supreme Court has recently affirmed our conclusion in that regard in *Moore v. Motor Vehicles Division,* 293 Or 715, 652 P2d 794 (1982), stating:

"We hold that if an arrested person, upon being given the advice required by ORS 487.805(2)(a) and (b), does not submit promptly to the request, his non-submission is a refusal. *We further hold that if the person requests to speak with an attorney, the request itself is not a refusal and the person must be afforded reasonable opportunity to do so unless or until it would interfere with the effective administration of the test.* * * *" 293 Or at 723. (Emphasis supplied.)

■ ■ We recognize that *Moore* is a civil rather than a criminal case, but it would be anomalous in this context to give two separate legal meanings to the same statutory term. We hold that, to be admissible in a criminal case under ORS 487.805(4), a defendant's request to speak to a lawyer is not a "refusal" to take a breath test unless the delay involved in permitting the defendant to do so would interfere with the test. That was not shown to be the case here.

Affirmed.