Argued and submitted February 2, affirmed May 11, 1983

In the Matter of the Refusal to
Submit to a Breath Test by

CHASE,

*Appellant,*

*v.*

MOTOR VEHICLES DIVISION,

*Respondent.*

(26627; CA A23416)

663 P2d 412

James D. Huffman, St. Helens, argued the cause for appellant. With him on the brief was Lucas, Petersen & Huffman, St. Helens.

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Petitioner appeals a judgment affirming the Motor Vehicles Division's (MVD) order suspending his driver's license for refusal to submit to a breath test. ORS 487.805 to 487.835 and ORS 482.540 to 482.560. We affirm.

The only evidentiary record is the parties' stipulation that:

"1.   The petitioner was under arrest for DUII at the time he was requested to submit to a breath test.

"2.   The police officer had reasonable grounds to believe that petitioner had been driving while under the influence of intoxicants in violation of ORS 487.540.

"3.   The petitioner refused to submit to the breath test.

"4.   The petitioner was informed as [follows:]

"CONSEQUENCES AND RIGHTS OF A DRIVER UNDER THE IMPLIED CONSENT LAW

*"Regardless of any information you may have received before this request, the fact is that you are not entitled to have an attorney present at this breath test. Any request for a delay on this ground will constitute a refusal.*

"If you refuse to take a breath test:

"1.   The fact that you refused may be admitted in court.

"2.   Your driver's license will be suspended for 120 days.

"3.   Upon your request, you will be granted a hearing. If the hearing is adverse to you, you may appeal the matter to the circuit court for a trial.

"After you take the breath test:

"You will be permitted, upon your request and at your own expense, reasonable opportunity to obtain the services of a doctor or surgeon, licensed nurse, qualified technician or chemist or other qualified person of your choosing to administer a chemical test or tests to determine the alcohol content of your blood, in addition to the breath test given by a police officer.

"Do you understand what has just been read to you? Will you now take a breath test to determine the alcohol content of your blood?" (Emphasis supplied.)

The issue is whether the emphasized portion of the advice regarding petitioner's right to request counsel prevents his nonsubmission to the breath test from constituting a "refusal" for purposes of ORS 487.805 and 487.540. There was no evidence that petitioner requested counsel at any time.

In *State v. Newton,* 291 Or 788, 807, 636 P2d 393 (1981), a criminal case, the Supreme Court refused to suppress evidence of the results of a breath test taken after the driver requested and was denied the opportunity to contact counsel. Nevertheless, the court held that the police could not restrict the freedom of a person arrested for DUII to communicate with counsel or others unless it would interfere with the performance of their duties, specifically the effective administration of a breath test. The court found that the advice respecting the right to contact counsel, identical to that given petitioner here, was not necessarily correct. As the court explained in *Moore v. Motor Vehicles Division,* 293 Or 715, 652 P2d 794 (1982):

> "The advice may often be technically correct in that the time ordinarily taken to arrange for the attendance of counsel would likely impair the effectiveness of the test. Insistence on such a delay would be non-submission or refusal. On the other hand, it is conceivable that such arrangements could be speedily made without impairing the test. A request is not a delay. Insistence, as a condition of taking the test, can be a delay." 293 Or at 723.

In *Moore,* which involved civil suspension proceedings, the Supreme Court considered whether, in the light of *Newton,* a request for counsel is a "refusal" under the statute. *Moore* involved five consolidated implied consent cases in four of which the drivers had requested to speak to an attorney. The court considered the five cases in the light of their general holding that

> "* * * if an arrested person, upon being given the advice required by ORS 487.805(2)(a) and (b), does not submit promptly to the request, his non-submission is a refusal. We further hold that if the person requests to speak with an attorney, the request itself is not a refusal and the person must be afforded reasonable opportunity to do so unless or until it would interfere with effective administration of the test. For example, a person might be given opportunity to call during the 15-minute observation period without affecting the validity of the test. If a person requests to communicate and is afforded a reasonable opportunity to do so, consistent with the temporal requirements of the testing process, and the person does not submit to the test, that is a refusal.
>
> "If an arrested person asks to speak to counsel, an unjustified failure to afford reasonable opportunity to do so would be a deprivation of the person's liberty, *see Newton.* In that

situation, the person's non-submission (*i.e.,* refusal) would have resulted from a legally unauthorized procedure. An administratively imposed penalty based on that procedure would be invalid." 293 Or at 723-24.

In one of the five consolidated cases, the petitioner Carter, after a request to submit to a breath test, responded: "Not without the advice of my attorney." The court noted that there was no evidence regarding a request by petitioner to speak to counsel. The court held that his nonsubmission was a refusal and affirmed suspension of his license. In another of the cases, petitioner Bunten asked if he could call his attorney before the breath test and was told he could not. He then explicitly refused to take the test. The court said:

> "Bunten actually refused. The refusal, however, was the direct result of a procedural error, the unjustified deprival of Bunten's liberty to call his attorney. The order * * * must be vacated." 293 Or at 725.

In the other three cases, the court vacated the order of suspension, because each petitioner had requested and been denied the opportunity to call an attorney.

■    From these five cases, we learn that an unjustified refusal to honor a request to contact an attorney vitiates an implied refusal to submit to a breath test. Also we learn that a refusal after a request to call an attorney that is the direct result of the improper advice is not a refusal for purposes of license suspension. We also know that there must be a request to contact an attorney before the principles of *Moore* are applicable. *See Carter v. MVD, supra,* 293 Or at 725.

■    Petitioner contends that because he was misinformed about his right to contact an attorney or have an attorney present, his refusal to submit to the breath test is not a refusal permitting suspension of his license. However, there is no basis in the record to conclude that his refusal was the direct result of the inappropriate advice. His refusal was absolute. There is no indication whether the advice he challenges was given before or after his refusal. As the plurality opinion in *Newton* emphasized:

> "* * * Under ORS 487.805(2), the arrested driver must make the initial choice to submit or refuse without the benefit of any information from the police. * * * The police are obliged to give the arrested driver information only *after* he first

'refuses the request of the police officer to submit to the chemical test' of his breath. * * *

"* * * ORS 487.805(2) provides that for drivers who comply with the officer's initial request for a breath sample, the process is at an end even though the driver may never have been advised of anything. * * *" 291 Or at 799. (Emphasis in original.)

*See also State v. Burnham,* 44 Or App 617, 620, n 3, 606 P2d 214 (1980).[1]

We decline to adopt a *per se* rule that, regardless of the attendant circumstances, erroneous advice as given here prevents an arrested driver's nonsubmission from being a refusal. Without a request to contact an attorney, there is no basis to assess whether the request is inconsistent with the need to conduct the test timely or whether the request was honored.

Although nothing we say here diminishes the fact that the advice given was erroneous and should not be given, that procedural error does not prevent suspension of petitioner's license under the circumstances disclosed in the record.

Affirmed.

---

[1] Although the plurality opinion analyzed it as a Fourteenth Amendment "liberty interest," a majority of the *Newton* court continued to agree with the reasoning in *State v. Scharf,* 288 Or 451, 605 P2d 690 (1980). In that case the court found that the freedom to contact an attorney while under arrest for DUII is a corollary of the legislature's policy that a breath test be given only on the arrested person's "voluntary and informed choice." Arguably, a driver who is misinformed about his freedom to consult with an attorney has not made an "informed choice." However, as we noted in *Burnham* regarding the *Scharf* opinion:

"* * * Despite frequent use of the phrase 'informed choice' to describe what the legislature intended should form the basis of submission to the test, the court specifically stated:

" '* * * The statute [ORS 487.805] provides that the officer is to "request" submission to the test, not order it. *If the driver objects,* the request is to be followed by an explanation of the consequences of a refusal for the driver's license, ORS 487.805(2), and of the driver's right to obtain a test of his own, ORS 487.810. * * *' (Emphasis added.) 288 Or at 457-458." 44 Or App at 620, n 3.

We note also that we described the interest according to the *Newton* plurality's analysis in *State v. Battenberg,* 60 Or App 531, 534, 654 P2d 1146 (1982).