Argued and submitted September 16, reversed and remanded December 31, 1986

In the Matter of the Suspension of
the Driving Privileges of

JONES,
*Respondent,*

*v.*

MOTOR VEHICLES DIVISION,
*Appellant.*

(85-CV-308; CA A38768)

730 P2d 1273

Douglas F. Zier, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

R. Daniel Simcoe, Grants Pass, argued the cause for respondent. With him on the brief was Brown, Hughes, Bird & Lane, Grants Pass.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

**WARREN, J.**

The sole issue presented by this case is whether the unavailability of an Intoxilyzer at the time when an individual refuses to submit to a breath test prevents his refusal to submit from constituting a "refusal" under *former* ORS 487.805 (now ORS 813.100).[1] We conclude that it does not and reverse.

*Former* ORS 487.805 provides, in part:

"(1) Any person who operates a motor vehicle upon premises open to the public as defined in ORS 487.535 or the highways of this state shall be deemed to have given consent, subject to ORS 487.805 to 487.835, to a chemical test of the person's breath for the purpose of determining the alcoholic content of the person's blood if the person is arrested for driving a motor vehicle while under the influence of intoxicants in violation of ORS 487.540 or of a municipal ordinance. * * *

"* * * * *

"(3) If a person refuses to take a test under this section or if the test under this section discloses that the person, at the time of the test, had a level of alcohol in the person's blood that constitutes being under the influence of intoxicating liquor under ORS 487.545, the person's driving privileges are subject to suspension * * *."

Petitioner argues that *former* 487.805(3) "implies that a machine will be available at the time any person is requested to submit to a chemical test" and that "the state is required to get 'the arrestee and the machine together' in order for petitioner to be deemed to have refused such a test." Petitioner does not contend, however, that he refused to take the breath test because of the unavailability of an Intoxilyzer or that, had one been available, he would have consented. In fact, it was only after the MVD hearing and the initial review by the circuit court that petitioner discovered that an Intoxilyzer might not have been available when he refused to take the breath test.

---

[1] *Former* ORS 487.805 was repealed by Or Laws 1983, ch 338, § 978, *as amended by* Or Laws 1985 ch 672, § 7, and replaced by Or Laws 1983, ch 338, § 591 *as amended by* Or Laws 1985, ch 16, § 298 and Or Laws 1985, ch 672, § 19 (now ORS 813.100), effective January 1, 1986. Or Laws 1983, ch 338, § 981.

There was no causal relationship between petitioner's refusal and the absence of an Intoxilyzer. Without that connection and some consequent prejudice, the absence of a machine does not affect the validity of a refusal. *See Chase v. Motor Vehicles Division,* 63 Or App 15, 19, 663 P2d 412 (1983). Defendant concedes that he refused to take a test; that fact by itself subjects him to license suspension.

Reversed and remanded.