Argued and submitted January 19, reversed and remanded March 30, petition for review denied May 24, 1994 (319 Or 149)

STATE OF OREGON,
*Appellant,*

*v.*

SHERRI ELAINE LARRETT,
*Respondent.*

(CR93-50174; CA A80024)

871 P2d 1016

Douglas F. Zier, Assistant Attorney General, argued the cause for appellant. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Monty K. VanderMay argued the cause and filed the brief for respondent.

Before Deits, Presiding Judge, Richardson, Chief Judge, and Riggs, Judge.

RICHARDSON, C. J.

## RICHARDSON, C. J.

Defendant is charged with driving under the influence of intoxicants (DUII). ORS 813.010. The court granted her motion to suppress evidence of her refusal to submit to a breath test on the ground that she had not had a reasonable opportunity to consult an attorney. The state appeals, ORS 138.060(3), and we reverse and remand.

The facts are undisputed. Defendant was involved in a single-car accident when her car went down an embankment. Deputy Sommer arrived at the scene of the accident at 8:05 p.m., while defendant was still in the car and paramedics were attending to her. Although she told the paramedics that she was not injured, she apparently needed assistance to get up the embankment. While talking with defendant, Sommer noticed an odor of alcohol and asked her if she had been drinking. At first she did not respond, but when asked a second time, she replied by reciting her Oregon driver's license number. Thereafter, she admitted to having had "a couple of drinks." The deputy asked defendant to perform a gaze nystagmus field sobriety test. She responded by asking to be taken to the hospital. She did not take the test.

Sommer recontacted defendant at the hospital at 9 p.m. He requested her permission to draw blood for a blood-alcohol test, but she refused. He again noted an odor of alcohol and arrested her for DUII. Defendant asked to be released from the hospital and left with the deputy at 10 p.m.

They arrived at Polk County Jail approximately 28 minutes later.[1] Sommer began the 15-minute observation period required for the breath test. During that period, defendant asked to call her attorney. The deputy gave her two telephone directories, but she could not find the number. He also asked if she wanted to call information. She said "No." Sommer began reading the form to defendant about the rights, procedures and consequences of the breath test that he planned to administer at the end of the observation period, but stopped when defendant vomited. After allowing her time to wash out her mouth, Sommer began a new observation period. Defendant continued to look for her attorney's

---

[1] The parties agree that defendant arrived at the jail at 10:25, but the trial court found that she arrived at 10:28. The exact time is irrelevant to the issue before us.

number but gave up and asked to call her grandmother to get the number. She did so, and Sommer wrote down the attorney's number for her when she recited it. Defendant then called her attorney and left a message with his answering service. Sommer thought that she was speaking to an answering machine.

After defendant finished her telephone call, Sommer told her that three minutes were left in the observation period, and that the test would be administered after that time. She was also offered additional time to contact a different attorney, but declined. Sommer read to defendant the "consequences portion" of the implied consent law and offered her the breath test. She refused to take the test at 11:06 p.m. Sommer recorded her refusal and, after a pat-down search, took her into the jail for booking. As they entered the booking room, another deputy told Sommer that an attorney had just called for defendant.

Before trial, defendant moved to suppress the evidence of her refusal to take the breath test. Her only argument was that she was not given a reasonable opportunity to consult with her attorney before deciding whether or not to take the test. The trial court granted the motion. We review for errors of law. ORS 138.220.

■ Evidence of a driver's refusal to submit to a breath test is admissible in a prosecution for DUII. ORS 813.130-(2)(a). However, that evidence may be suppressed if defendant's right to counsel under the Oregon Constitution has been violated. In *State v. Spencer*, 305 Or 59, 750 P2d 147 (1988), the Supreme Court said:

> "We hold that, under the right to counsel clause in Article I, section 11, an arrested driver has the right upon request to a reasonable opportunity to obtain legal advice before deciding whether to submit to a breath test. Because evidence of an arrested driver's blood alcohol dissipates over time, the state is not required to wait for a long period of time before administering the test." 305 Or at 74-75. (Footnote omitted.)

■ The state argues that defendant had a reasonable opportunity to obtain legal advice before she refused to take the breath test. We agree. After she asked to call her attorney, the deputy provided her with two telephone directories, offered to help her call information and allowed her to call her

grandmother for the attorney's number. Defendant then called her attorney. She never explained to the officer that she had reached an answering service or whether she expected a return call. She made no requests for further delay and specifically declined the offer for additional time to contact another attorney.

The trial court found significant the fact that defendant's attorney called the jail within a short period of time. There was no evidence that the call was received before defendant refused to take the test. The fact that the attorney called is therefore irrelevant to the inquiry of whether defendant had a reasonable opportunity to contact an attorney *before* deciding whether to take the breath test. The relevant inquiry is whether she had been accorded a reasonable opportunity to consult counsel at the time she was asked to take the test. At that time it had been three hours since the accident and evidence of defendant's intoxication was dissipating. *See State v. Spencer, supra.* She was provided ample assistance over a reasonable period of time—almost one-half hour—to obtain legal advice, but simply had not been able to reach her attorney. *Spencer* requires a reasonable *opportunity* to obtain legal advice, and defendant received that opportunity. The trial court erred in suppressing evidence of defendant's refusal to take the breath test.

Reversed and remanded.