Argued and submitted October 14, reversed and remanded December 21, 1994

# STATE OF OREGON,
*Appellant,*

*v.*

# RAYMOND DEMOSS GREENOUGH,
*Respondent.*

(DA 1001606 & Z151676; CA A82911)

887 P2d 806

Diane S. Lekfow, Assistant Attorney General, argued the cause for appellant. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Robert Thuemmel argued the cause for respondent. With him on the brief was Thuemmel & Uhle.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

LEESON, J.

## LEESON, J.

Defendant was charged with driving under the influence of intoxicants (DUII). ORS 813.010. The trial court granted his motion to suppress evidence of his refusal to submit to a breath test on the ground that he had not been given a reasonable opportunity to consult with an attorney. The state appeals. ORS 138.060(3). We reverse and remand.

Defendant was stopped by Portland police officers at about 8:45 p.m. on the Friday before a July 4 weekend. He was placed under arrest for DUII following field sobriety and horizontal gaze nystagmus tests and was taken to the precinct, where he was advised of his *Miranda* rights. He stated that he understood them. After a records search indicated that defendant had previously been arrested for DUII and had had his license suspended for refusing a breath test, he requested to speak to a lawyer-friend who lives in California. Defendant knew only the lawyer's name and telephone area code number. Officer Larson, the arresting officer, left the DUII interview room at around 9:30 p.m. to use a telephone capable of making long-distance calls. Larson obtained the lawyer's number from directory assistance; placed the call and reached a recording that stated that the number had been changed; called the new number; reached an answering machine and left a message requesting a return call and informing the lawyer of defendant's need for assistance. Larson also tried to obtain a telephone listing for the lawyer's home. Larson's attempts took at least 15 minutes.

Larson testified at the suppression hearing that, when he advised defendant that he had been unable to reach defendant's attorney-friend, defendant indicated that he wanted to talk to that lawyer and did not want to answer any questions until he did. Larson read defendant a statement of his rights and the consequences of refusing the request for a breath test. ORS 813.130. Defendant did not request to call another lawyer or make any other phone call, although a telephone and telephone books were present and visible to defendant in the DUII interview room. Defendant refused to submit to the breath test that was offered more than 20 minutes after he asked to speak to his lawyer. Larson took about 20 additional minutes to complete his paperwork. He testified that he was in contact with defendant during that

period, would have allowed defendant to talk with the lawyer if the lawyer had called back, and would have again offered the breath test in order to obtain as much evidence as possible.

Defendant moved to suppress the evidence of his refusal to take the breath test. The trial court concluded that, after informing defendant that he had been unsuccessful in contacting defendant's lawyer-friend, Larson should have informed defendant that he did not think that the lawyer would call back and that defendant could use the telephone books and telephone to contact another lawyer. The court ruled that Larson "did not afford the defendant a reasonable opportunity to contact the attorney of his choice" and granted defendant's motion to suppress. We review for errors of law. ORS 138.220.

Under Oregon's Implied Consent law, if a "person refuses a [breath] test or fails, evidence of the refusal or failure may also be offered against the person." ORS 813.130(2)(a). However, as the court said in *State v. Spencer*, 305 Or 59, 750 P2d 147 (1988), if defendant's right to counsel under Article I, section 11, of the Oregon Constitution has been violated, that evidence may be suppressed. The constitutional requirement is that

> "an arrested driver has the right *upon request to a reasonable opportunity* to obtain legal advice before deciding whether to submit to a breath test. Because evidence of an arrested driver's blood alcohol dissipates over time, the state is not required to wait for a long period of time before administering the test." 305 Or at 74-75. (Footnote omitted; emphasis supplied.)

The state argues that defendant was given a reasonable opportunity to contact a lawyer, because Larson did everything that defendant requested and was not required to do more. Under these circumstances, we agree.

When asked, Larson made reasonable efforts to contact defendant's lawyer-friend. Larson called directory assistance, called the number he was given, called the lawyer's forwarding number and left a detailed message. Larson also attempted to obtain a home telephone listing for the lawyer.

When Larson reported to defendant that he had been unsuccessful in contacting the lawyer-friend, defendant made no other request. Larson did *everything* that defendant asked.

It is not germane to the "reasonable opportunity" inquiry whether Larson expressed to defendant his speculation that, because of the late hour and the holiday weekend, it was unlikely that the lawyer would call defendant. Nor is it pertinent whether Larson suggested that defendant had other options. Defendant was as capable as Larson of reaching those conclusions. That defendant did not make a reasonable effort to contact an attorney does not mean that he was denied a reasonable opportunity to do so.

We are unpersuaded by defendant's argument that, because more time was available before the effectiveness of the breath test would have been jeopardized, Larson improperly ended defendant's reasonable opportunity. *See Gildroy v. MVD*, 315 Or 617, 848 P2d 96 (1993); *Morgan v. MVD*, 85 Or App 267, 736 P2d 580, *recon den* 87 Or App 635, 773 P2d 774, *rev den* 304 Or 311 (1987). Larson testified that, if the lawyer had called back, he would have allowed defendant to speak with him and then would have again offered the breath test. Larson also testified that had defendant made the request, he would have allowed defendant to contact another lawyer. Nothing in the record indicates that defendant's reasonable opportunity was denied or that the officer refused any request made by defendant.

The Supreme Court has held that "[t]he state is not required to wait for a long period of time before administering the test." *State v. Spencer, supra*, 305 Or at 75. "[A] period of 15 minutes after the request to take the test has been made will doubtless suffice in most cases." 305 Or at 75 n 5. Here, Larson spent more than 15 minutes trying to contact defendant's attorney and waited at least 20 minutes after defendant asked to speak to his lawyer before offering the breath test that defendant refused. More than an hour had elapsed from the time the defendant was first stopped; evidence of defendant's intoxication was dissipating. During the ensuing 20 minutes, defendant did not ask to speak with another attorney.

Defendant was entitled to a reasonable *opportunity* to obtain legal advice. He received that. We decline his invitation to decide this case differently from *State v. Larrett*, 127 Or App 139, 871 P2d 1016, *rev den* 319 Or 149 (1994). Our opinion parallels the reasoning in that case. Under these facts, the trial court erred in suppressing evidence of defendant's refusal to take the breath test.

Reversed and remanded.