Argued and submitted November 17, 1994, affirmed January 25, 1995

In the Matter of the Suspension of
the Driving Privileges of

Verna Victor HICKS,
*Appellant,*

*v.*

MOTOR VEHICLES DIVISION,
*Respondent.*

(93C-11575; CA A81676)

888 P2d 1089

Kevin T. Lafky argued the cause for appellant. With him on the brief was Lafky & Lafky.

Richard D. Wasserman, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Richardson, Chief Judge,* and De Muniz and Leeson, Judges.

De MUNIZ, J.

---

* Richardson, C. J., *vice* Rossman, P. J., retired.

### De MUNIZ, J.

Petitioner appeals the suspension of his driver's license by the Motor Vehicle Department (MVD). The suspension was based on his refusal to take an Intoxilyzer breath test. ORS 813.100; ORS 813.410. We affirm.

On April 4, 1993, at about 9:10 p.m., petitioner was arrested for driving under the influence of intoxicants (DUII). ORS 813.010. He was taken to the Marion County Jail at 9:48 p.m. Before 10:18, the officer asked petitioner if he would take the breath test. Petitioner mentioned contacting an attorney but did not ask to do so. Instead, at 10:29, petitioner phoned a friend and spoke with her for a few minutes. At 10:33, the officer again asked petitioner if he would take the breath test. Petitioner stated that he wanted to wait until his friend arrived at the jail. The officer admitted that, had an attorney been coming, the officer would have waited. The officer declared a refusal at 10:33, because he did not know when the friend would arrive and because there was no guarantee that petitioner would take the test within a reasonable time.

Petitioner argues that the MVD hearings officer erred in concluding that those circumstances constituted a refusal.[1] A person arrested for DUII has a right to an opportunity to communicate, *Moore v. Motor Vehicles Division*, 293 Or 715, 652 P2d 794 (1982); *State v. Newton*, 291 Or 788, 807, 636 P2d 393 (1981), and that right is not limited to communication with an attorney. *See Morgan v. MVD*, 85 Or App 267, 271, 736 P2d 580, *rev den* 304 Or 311 (1987). The proper inquiry in determining whether the request to consult constitutes a refusal is whether the request was inconsistent with the need to conduct the test in a timely manner. 85 Or App at 271. Petitioner contends that the officer's testimony that he would have waited for an attorney shows that the delay would not have interfered with the administration of the test.

What the officer might have done under different circumstances is not determinative of whether these circumstances show a refusal. There is a refusal to take the test if a person asks to communicate, is afforded a reasonable opportunity to do so consistent with the temporal requirements of

---

[1] We review MVD's final order. *Warner v. MVD*, 126 Or App 164, 166, 868 P2d 6 (1994).

the testing process and does not submit to the test. *Moore v. Motor Vehicles Division, supra,* 293 Or at 723. Here, petitioner was given an opportunity to communicate with his friend, and he did so by telephone. His desire to simply wait until his friend arrived before taking the test has nothing to do with his right of communication. That right had been satisfied. *Morgan* does not permit a driver to stall. Blood alcohol dissipates in a short time.[2] Given the highly evanescent nature of the evidence, and the fact that almost an hour and a half had passed since petitioner's arrest, the hearings officer did not err in holding that petitioner's insistence on waiting until his friend arrived constituted a refusal. *See Gildroy v. MVD,* 132 Or App 235, 888 P2d 64 (1995).

Affirmed.

---

[2] Petitioner contends that there was no evidence in the record from which the hearings officer could conclude that time was of the essence because of "the evanescent quality of the breath test evidence." MVD was not required to call an expert on the dissipation of alcohol. *See State v. Parker,* 317 Or 225, 232 n 9, 855 P2d 636 (1993). The hearings officer could take judicial notice of the common knowledge that alcohol dissipates over time. *See State v. Nagel,* 320 Or 24, 880 P2d 451 (1994); *Callahan v. Sellers,* 106 Or App 298, 303, 806 P2d 1176, *rev den* 311 Or 349 (1991).