**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Daniel HERNANDEZ, a/k/a Daniel Jiminez, a/k/a Danny Hernandez, Defendant–Appellant.**

**No. 87CA0197.**

Colorado Court of Appeals, Div. III.

Nov. 10, 1988.

Rehearing Denied Dec. 1, 1988.

Certiorari Denied Feb. 21, 1989.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Hope P. McGowan, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Robin Desmond, Deputy State Public Defender, Denver, for defendant-appellant.

STERNBERG, Judge.

The defendant, Daniel Hernandez, appeals the 36-year sentence imposed following his plea of guilty to second degree murder. We affirm the sentence, but vacate that portion providing for a period of parole, and remand for further proceedings.

Defendant was charged with first degree murder and pleaded not guilty and not guilty by reason of insanity. Pursuant to § 16-8-101, et seq., C.R.S. (1986 Repl.Vol. 8A), the trial court ordered defendant to be evaluated by several psychiatrists to determine whether he was legally sane at the time of the offense. After the psychiatrists submitted their reports to the court, defendant withdrew his earlier pleas and entered a plea of guilty to the charge of second degree murder.

At the sentencing hearing, defense counsel introduced the psychiatric reports as evidence that defendant had an unstable family background and a history of alcohol and drug abuse. The following colloquy took place:

"THE COURT: So you are asking me to consider those three reports?

"DEFENSE COUNSEL: Yes, Your Honor, as far as the general history information related in those reports.

"THE COURT: Are the People asking me to consider those, also?

"PROSECUTOR: Yes, I am, Your Honor.

"THE COURT: Which portions of them?

"PROSECUTOR: The entire reports, I think, are helpful.

"THE COURT: [apparently speaking to defense counsel] Do you have any objection to me considering the entire reports …?

"DEFENSE COUNSEL: No, Your Honor."

The trial court relied on the psychiatric reports prepared pursuant to the previous insanity plea, stating:

"What the reports, psychiatric reports, clearly demonstrate to me is that Mr. Hernandez is not remorseful for what he did, and probably is proud about what he

did. He has never expressed any remorse to this Court for shooting his friend in the head. He has never expressed any remorse to any of the mental health experts that evaluated him. In fact, he seemed to brag to them about his past assaultive behavior. There is one report that indicates he estimates having shot at least 20 people and stabbed 50 to 60 others. He frequently carries a firearm in his car, and has also carried numchuks, bats and sticks."

The court concluded that defendant's prior assaultive behavior and lack of remorse, together with other aggravating factors, justified a sentence beyond the presumptive range. Accordingly, the court sentenced defendant to a term of 36 years imprisonment, plus a period of parole.

### I.

Defendant's primary contention is that the trial court erred during sentencing by considering the psychiatric reports prepared pursuant to his plea of not guilty by reason of insanity. He argues the consideration of the psychiatric reports violated § 16–8–107, C.R.S. (1986 Repl.Vol. 8A). We perceive no error.

■ Evidence acquired from a court-ordered examination is not admissible against a defendant if the defendant pleads not guilty and is put to trial. Section 16–8–107, C.R.S. There is nothing in the statute, however, that extends the privilege to sentencing hearings, and counsel has cited no authority to extend it to such hearings. Moreover, a sentencing court has greater latitude in admitting evidence than it does during a trial on the issue of guilt, and different rules obtain for the two procedures. *See Van Pickrell v. People,* 163 Colo. 591, 431 P.2d 1003 (1967). We hold, therefore, that the privilege against self-incrimination specified in § 16–8–106(2), C.R.S. (1986 Repl.Vol. 8A), and the protection a defendant has from being confronted with evidence acquired from a court-ordered psychiatric examination, do not extend to proceedings conducted for sentencing purposes.

The defendant, nevertheless, contends that use of the psychiatric report for sentencing purposes violates his constitutional rights. For the purpose of our disposition of this case, we assume that the privilege against self-incrimination contained in the Fifth Amendment and the similar privilege established by *Colo. Const.* art. II, § 18, do apply to use of information for sentencing purposes after guilt has been established. *See Estelle v. Smith,* 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981); *United States v. Jones,* 640 F.2d 284 (1981 10th Cir.).

The constitutional privilege here involved can, of course be waived. *People v. Bennett,* 183 Colo. 125, 515 P.2d 466 (1973). However, since the privilege is a fundamental constitutional right, it cannot generally be waived by defense counsel. Instead, the waiver must be "made by the defendant personally and must be made voluntarily, knowingly, and intelligently...." *People v. Mozee,* 723 P.2d 117 (Colo.1986).

The requirement that such a waiver must be "made by the defendant personally" merely serves to indicate that the privilege against self-incrimination is excluded from those rights over which defense counsel has authority to make binding decisions regarding waiver. *Cf. People v. Curtis,* 681 P.2d 504 (Colo.1984). The requirement, however, does not mean that a trial court must determine whether a defendant explicitly approves a course of conduct by defense counsel that has the effect of waiving the privilege against self-incrimination.

As noted in *People v. Mozee, supra:*

"It is a duty of defense counsel ... to ensure that the defendant has been advised of the full array of matters associated with the basic constitutional right to remain silent to the extent that they relate to the defendant's circumstances. This includes the benefits flowing from an exercise of that right at trial and the consequences stemming from a waiver of the right."

■ Defendant does not claim that his counsel failed to perform this duty. Indeed, defendant had been advised by the court at the time of entry of the insanity

plea of his privilege against self-incrimination with regard to the reports. And, defendant does not claim that his attorney failed to obtain his consent to the introduction of the psychiatric reports at the sentencing hearing. *See People v. Mozee, supra.* We conclude, therefore, that the privilege against self-incrimination had been waived. Thus, there was no violation of the privilege against self-incrimination when the court considered the psychiatric reports in determining defendant's sentence.

## II.

Defendant next asserts the trial court abused its discretion in imposing a 36–year sentence because the length of the sentence indicates that the court did not consider defendant's potential for rehabilitation. Again, we disagree.

The sentence imposed represents a discretionary decision that requires a court to weigh a variety of factors so as to strike a fair accommodation between the defendant's need for rehabilitation or corrective treatment and society's interest in safety and deterrence. *People v. Watkins,* 200 Colo. 163, 613 P.2d 633 (1980).

We conclude the record reflects a proper weighing of the variety of factors considered by the trial court and that, accordingly, there was no abuse of discretion in the aggravated sentence imposed here. *See People v. Walker,* 724 P.2d 666 (Colo. 1986).

## III.

We do, however, agree with defendant's final assertion, that the trial court imposed an illegal sentence when it included a period of parole with the sentence. *Qureshi v. District Court,* 727 P.2d 45 (Colo.1986) is dispositive of this issue. That part of the sentence which requires defendant to serve a term of parole must be vacated.

The sentence is affirmed in all respects, except that the period of parole is vacated, and the cause is remanded for the issuance of an amended mittimus reflecting that change.

METZGER and HUME, JJ., concur.