Argued and submitted December 5, 1990, decision of Court of Appeals affirmed on different grounds; case remanded to Motor Vehicles Division for further proceedings March 25, 1993

In the Matter of the Suspension of
the Driving Privileges of

Rickey Gene GILDROY,
*Respondent on Review,*

*v.*

MOTOR VEHICLES DIVISION,
*Petitioner on Review.*

(CC 8805-02824; CA A50042; SC S37387)

848 P2d 96

Jas. Adams, Assistant Attorney General, Salem, argued the cause for petitioner on review. With him on the petition were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

David D. Park, Portland, argued the cause for respondent on review.

Before Peterson,** Chief Justice, and Carson,*** Gillette, Van Hoomissen, Fadeley and Unis, Justices.

FADELEY, J.

---

** Chief Justice when case argued.

*** Chief Justice when case decided.

**FADELEY, J.**

This is a civil action to suspend a driver's license. ORS 813.410. The Motor Vehicles Division (MVD) petitioned for review of the Court of Appeals' decision in *Gildroy v. MVD*, 100 Or App 538, 768 P2d 757, *on reconsideration* 102 Or App 138, 793 P2d 332 (1990). The Court of Appeals remanded this case to MVD to determine whether Gildroy (petitioner) was denied a "meaningful conversation with his lawyer under Article I, section 11 [of the Oregon Constitution]."[1] 102 Or App at 142. MVD does not contest the remand, but asks this court to rule that the inquiry on remand is limited to determining whether petitioner had a reasonable opportunity to communicate with his lawyer, under *Moore v. Motor Vehicles Division*, 293 Or 715, 652 P2d 794 (1982). We conclude that, on remand, the issue should be so limited.[2] Accordingly, we affirm the decision of the Court of Appeals, but on different grounds.

Petitioner was arrested for Driving Under the Influence of Intoxicants (DUII). ORS 813.010. At the police station, he was asked to take a breath test. Before taking the test, he requested and was granted permission to telephone his lawyer. Petitioner talked to his lawyer. He then consented to take the test, which showed a blood alcohol level of .17 percent.

Petitioner argues that, in spite of the fact that the telephone conversation took place, he nonetheless was denied a reasonable opportunity to communicate with his lawyer. While he was using the telephone, he was observed by an officer who stood by his side during his conversation with his lawyer and, petitioner asserts, interrupted it. Petitioner argues that he thus was denied his right under Article I, section 11, of the Oregon Constitution, to what petitioner

---

[1] Article I, section 11, of the Oregon Constitution, provides in part:

"In all *criminal prosecutions*, the accused shall have the right * * * to be heard by himself and counsel * * *." (Emphasis added.)

[2] The parties have argued this case using various and different terminology to describe the qualities or attributes that they contend must be included in the opportunity to communicate. The case, however, only concerns petitioner's "reasonable opportunity to communicate with his attorney," with whom he was talking, and not some other characterization or description of the communication.

refers to as a "meaningful conversation" with his lawyer before deciding to submit to the test.

At the administrative hearing before the MVD hearings officer, petitioner testified:

"Q [BY PETITIONER'S LAWYER]: * * * Did you — did you make any comment to [the officer] about whether or not you felt you could adequately converse, or did you make any comment to me, which he overheard, as to whether or not you could adequately converse with me with him standing there?

"A: Yes, I told you that I couldn't talk with you.

"Q: Okay. And at that point did the conversation terminate?

"A: Yes, it did."

While the record is incomplete on the point, it appears that the choice to terminate the conversation, asserted to have followed the officer's interruption, was made by petitioner. Petitioner does not point to any evidence in the record that petitioner requested an unobserved conversation with his lawyer or that he asked the officer to move away. The officer testified that he remained close by petitioner in order to observe him for the continuous 15-minute period required by OAR 257-30-020(1)(b) before a breath test may be administered.[3] It was during this mandatory delay before testing that petitioner telephoned his lawyer.

An MVD hearings officer later suspended petitioner's driver's license, ORS 813.120; 813.300; 813.410; 813.420, holding that, although petitioner was under arrest, he did not have a right to "an unobserved conference with the lawyer," citing *Capretta v. Motor Vehicles Div.*, 29 Or App 241, 562 P2d 1236 (1977) (suspension upheld under *former* statute on ground that insistence on unobserved conference with counsel during 15-minute mandatory observation period is refusal to take the test).

---

[3] OAR 257-30-020(1)(b) provides:

"Pre-Test Requirements. The operator must make certain the subject has not taken anything by mouth, (drinking, smoking, eating, taking medication, etc.) vomited, or regurgitated liquid from his stomach into his mouth for at least 15 minutes before taking the test[.]"

Petitioner appealed to the circuit court, ORS 813.450, which vacated the suspension on the ground that the police had violated OAR 257-30-020(1) by not confirming *before* administering the test that petitioner had not taken anything by mouth, vomited, or regurgitated within 15 minutes before taking the test. The court made no findings as to whether petitioner was denied a reasonable opportunity to communicate with his lawyer.

On judicial review of the circuit court's decision, the Court of Appeals reversed the circuit court on the issue of compliance with OAR 257-30-020(1), but remanded the case to the circuit court to determine if the officer's actions deprived petitioner of a reasonable opportunity to consult with his lawyer, in violation of Article I, section 11, of the Oregon Constitution. *Gildroy v. MVD, supra,* 100 Or App at 542. On reconsideration, 102 Or App at 142, the Court of Appeals remanded the case to MVD, rather than the circuit court, to determine if petitioner was denied a "meaningful conversation" with his lawyer under Article I, section 11. We allowed MVD's petition for review.

That petition asks that this court

"reverse the Court of Appeals on the narrow issue of the scope of the remand to MVD * * * [and] rule that the inquiry on remand is limited to determining whether the driver had a reasonable opportunity to communicate with another person under *Moore v. Motor Vehicles Division,* 293 Or 715, 652 P2d 794 (1982), and [that the inquiry on remand] may not extend to determining the claimed interference with an Article I, section 11 right to a 'meaningful' conversation with counsel. The Article I, section 11 right hitherto has only been recognized to be enforceable in criminal prosecutions, consistent with the plain wording of the constitutional provision."

Article I, section 11, of the Oregon Constitution does not apply in an administrative civil proceeding. By its plain language, that section is limited to criminal prosecutions. *See State ex rel Juv. Dept. v. Geist,* 310 Or 176, 188 n 13, 796 P2d 1193 (1990) (after stating that the Oregon Constitution has no due process clause, noting that: "The right to counsel under Article I, section 11, of the Oregon Constitution, is available only in criminal prosecutions."). An MVD license suspension proceeding is not a criminal proceeding. Thus, the

Court of Appeals' reliance on *State v. Spencer*, 305 Or 59, 74, 750 P2d 147 (1988), is misplaced. This court's analysis in *Spencer* was concerned with determining *when* a criminal prosecution has commenced, in order to decide if the evidence should be suppressed in that very same criminal prosecution. Nothing in *Spencer*, a criminal case, supports the enforceability of Article I, section 11, in this civil context.

■ ■ We next consider the nature of the appropriate inquiry on remand to MVD. Even though petitioner was entitled to a reasonable opportunity to communicate with his lawyer, that does not mean that he has a right to an unobserved telephone conference with his lawyer. An *unobserved conference* in this case could defeat the requirements of OAR 257-30-020(1)(b) (15-minute pre-test observation requirement). Petitioner's right to consultation while waiting to take the breath test may not interfere with the effective administration of the test. *See Moore v. Motor Vehicles Division*, 293 Or 715, 723, 652 P2d 794 (1982) (consultation must be consistent with the temporal requirements of the testing process).

■ Petitioner had a right to a reasonable opportunity to communicate with his lawyer, where that conversation would not be inconsistent with the effective administration of the breath test. *Id.* Whether petitioner was denied a reasonable opportunity to communicate with his lawyer, an objective inquiry, will depend on the nature of the officer's interference, if any, with petitioner's conversation with his lawyer and the reasons therefor. *Id.* As noted, the MVD hearings officer did not make findings of fact on this issue. Thus, more fact determinations are needed to complete the administrative hearing record necessary to apply the mandate of *Moore* to the requirement of a reasonable opportunity to communicate with a lawyer.

MVD does not challenge the rationale of *Moore v. Motor Vehicles Division, supra*. It asks only that this court declare that *Moore's* holding applies on remand in this case. It does. Accordingly, we remand this case to MVD to determine whether petitioner was denied a reasonable opportunity to communicate with his lawyer. *Id.*

The decision of the Court of Appeals is affirmed, but on different grounds. The case is remanded to the Motor Vehicles Division for further proceedings.