In the Matter of the Suspension of
the Driving Privileges of

Damian Ignatius RANGER,
*Appellant,*

*v.*

MOTOR VEHICLES DIVISION,
*Respondent.*

(CV91-113; CA A72423)

856 P2d 1050

Bernt A. Hansen, McMinnville, argued the cause and filed the brief for appellant.

Douglas F. Zier, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DURHAM, J.

## DURHAM, J.

Petitioner seeks review of the trial court's affirmance of Motor Vehicle Division's (MVD) order suspending his driver's license because he refused to submit to an Intoxilyzer test. ORS 813.100(3). We affirm.

■ Petitioner was arrested for driving while under the influence of intoxicants. ORS 813.010. He asked to consult with an attorney before submitting to a breath test. He wanted to call the Oregon State Police (OSP) office where his brother was employed, so that his brother could suggest an attorney. At the jail, he was given access to a telephone that permitted only collect calls. Officers provided a telephone number for the OSP and tried to help petitioner make the call, but they discovered that the OSP office does not accept collect calls. Jail policy limits individuals in custody to use of the collect-call-only phone. Petitioner also attempted, unsuccessfully, to reach his brother at home. He continued to request to speak with his brother before taking the test, even after the officers advised him that they would regard his hesitation as a refusal. Finally, 45 minutes after arriving at the jail, the officers gave petitioner one last chance to submit to the test. He declined, and they recorded a refusal.[1]

■ MVD suspended petitioner's license pursuant to the Implied Consent Law. ORS 813.100 *et seq.*[2] Under that law, a motorist impliedly consents to take a chemical breath test if the motorist is arrested by an officer who has probable cause

---

[1] Petitioner refers to his refusal as a "de facto" refusal. After the required advice has been given, a failure to submit promptly to the request is a refusal for purposes of suspension. *Moore v. Motor Vehicles Division*, 293 Or 715, 723, 652 P2d 794 (1982).

[2] ORS 813.100 provides, in part:

"(1) Any person who operates a motor vehicle upon premises open to the public or the highways of this state shall be deemed to have given consent, subject to the implied consent law, to a chemical test of the person's breath for the purpose of determining the alcoholic content of the person's blood if the person is arrested for driving a motor vehicle while under the influence of intoxicants in violation of ORS 813.010 or of a municipal ordinance. A test shall be administered upon the request of a police officer having reasonable grounds to believe the person arrested to have been driving while under the influence of intoxicants * * *.

"* * * * *

"(3) If a person refuses to take a test under this section * * *, the person's driving privileges are subject to suspension * * *."

to believe the driver has committed the offense of driving under the influence of intoxicants. ORS 813.100(1); *Moore v. Motor Vehicles Division*, 293 Or 715, 718, 652 P2d 794 (1982). A refusal to submit subjects the motorist to suspension of driving privileges. ORS 813.100(3).

■  Petitioner alleges that his suspension is invalid, because he was denied a reasonable opportunity to consult with counsel. He has

"a right to a reasonable opportunity to communicate with his lawyer, where that conversation would not be inconsistent with the effective administration of the breath test." *Gildroy v. MVD*, 315 Or 617, 622, 848 P2d 96 (1993).

He argues that the police deprived him of a reasonable opportunity to speak with counsel, because he was not allowed to use a telephone that accepted credit cards, because he was not left alone to speak privately with an attorney and because he claims that the phone number provided to him by the officers was not the number for the OSP. We review MVD's order, not the order of the circuit court, for errors of law and substantial evidence. ORS 813.450(4); *Shakerin v. MVD*, 101 Or App 357, 360, 790 P2d 1180 (1990).

■■  Whether petitioner was afforded a reasonable opportunity to consult with an attorney depends on the nature of and reasons for any interference with that right. *Gildroy v. MVD, supra*, 315 Or at 622. He must produce evidence of his factual assertion that his opportunity to consult with counsel was unreasonably restricted. ORS 183.450(2). Substantial evidence supports MVD's finding that the collect-call-only phone afforded him a reasonable opportunity to speak with an attorney. The jail's policy was based on a concern about accumulating unpaid phone charges and the use of fraudulent calling cards by persons in custody. Petitioner never asked to use another phone and fails to explain why he could not locate an attorney through a telephone directory.

■  Petitioner claims that police gave him an incorrect phone number, but that claim, even if true, is irrelevant. He could not have reached the OSP office with a collect call, regardless of the number that police gave him. Finally, he was not denied privacy. He never asked to be left alone and never had a conversation for which he needed privacy. Moreover,

the denial of an unobserved telephone conference with counsel would not have denied him a reasonable opportunity to communicate with an attorney. *Gildroy v. MVD, supra,* 315 Or at 622. Although the hearings officer's finding that petitioner was given a reasonable opportunity to consult with counsel "is not, strictly speaking, a finding of historical fact," it "involves a degree of judgment" as to what is a reasonable opportunity under the circumstances, and we concur in the conclusion. *See Blackman v. MVD,* 90 Or App 408, 414, 752 P2d 1241, *rev den,* 306 Or 660 (1988).

■ Petitioner also argues that the suspension procedure violates his right to due process under the Fourteenth Amendment to the United States Constitution. A suspension under ORS 813.100 takes effect 30 days after the date of the arrest. ORS 813.410(1). Before that time, MVD must provide a hearing to any driver who makes a timely request for one. ORS 813.410(3). However, the suspension is not stayed pending appeal to the circuit court and Court of Appeals. ORS 813.410(6). Petitioner contends that due process requires that the suspension be stayed at least until review of the decision in the circuit court.

We disagree. The United States Supreme Court has rejected similar due process challenges to implied consent laws of other states. In *Mackey v. Montrym,* 443 US 1, 99 S Ct 2612, 61 L Ed 2d 321 (1979), the Court upheld a Massachusetts license suspension procedure that afforded only post-suspension hearings. The Court applied the balancing test of *Mathews v. Eldridge,* 424 US 319, 335, 96 S Ct 893, 47 L Ed 2d 18 (1976), and concluded that the private interest at stake was substantial. 443 US at 11. However, the Court also found that the statutory requirement of an arrest based on probable cause by a trained officer who is subject to civil liability for an unlawful arrest minimizes the risk of erroneous deprivation of the interest. 443 US at 14. Where, as in Oregon, the statutory scheme includes an administrative hearing prior to the actual suspension, this "abundantly weights" against any risk of erroneous deprivation of the interest. *Illinois v. Batchelder,* 463 US 1112, 1118, 103 S Ct 3513, 77 L Ed 2d 1267 (1983).

Suspension for those who refuse to submit to a breath test serves as a possible deterrent to drunk driving and

"provides strong inducement to take the breath-analysis test and thus effectuates the [state's] interest in obtaining reliable and relevant evidence for use in subsequent criminal proceedings." *Mackey, supra,* 443 US at 18.

Delaying suspensions through appeal to the circuit court would reduce both the deterrent to drunk driving and the inducement to take the test. *See* 443 US at 18. We balance the state's interest in the prompt imposition of suspensions against the minimal risk of an erroneous deprivation of driving privileges, *see Mathews v. Eldridge, supra,* 424 US at 335, and conclude that the imposition of suspension without judicial review in the circuit court does not violate the Due Process Clause.

■        Finally, petitioner argues that the MVD suspension scheme is the equivalent of a criminal prosecution, and that he should be afforded all rights guaranteed in criminal prosecutions, including appointed counsel and a jury trial. We disagree. The suspension proceeding is civil in nature. *Burbage v. Dept. of Motor Vehicles,* 252 Or 486, 491, 450 P2d 775 (1969). As the Supreme Court has explained:

"The offense does not become 'criminal' rather than 'civil' merely because the loss of a license is a great inconvenience, so long as the suspension or revocation reflects a legislative, judicial, or administrative judgment that a traffic offender should not continue to drive." *Brown v. Multnomah County Dist. Ct.,* 280 Or 95, 105, 570 P2d 52 (1977).

Affirmed.