Submitted on remand from the Oregon Supreme Court July 8, reversed with instructions to remand to Motor Vehicles Division for reconsideration December 8, 1993

In the Matter of the Suspension of
the Driving Privileges of
Douglas Jay HOEFLING,
*Respondent,*

*v.*

MOTOR VEHICLES DIVISION,
*Appellant.*

(88-8-272; CA A50800)

865 P2d 435

Robert M. Atkinson, Assistant Attorney General, argued the cause for appellant. With him on the briefs were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General.

Steven B. Anderson argued the cause and filed the brief for respondent.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

RICHARDSON, C. J.

## RICHARDSON, C. J.

This case was remanded from the Supreme Court for us to reconsider our previous decision, *Hoefling v. MVD*, 104 Or App 11, 799 P2d 176 (1990), in the light of *Gildroy v. MVD*, 315 Or 617, 848 P2d 96 (1993). We remand to the Motor Vehicles Division (MVD) for further proceedings.

The facts of this case are adequately stated in our previous opinion. The issue is whether respondent was denied a reasonable opportunity to communicate with his attorney when he did not have a private telephone conversation with his attorney before taking the breath test. In *Gildroy v. MVD, supra*, the Supreme Court held that Article I, section 11, does not apply to MVD license suspension hearings, because it is not a criminal proceeding. The inquiry, therefore, is not whether respondent had a "meaningful" conversation with his attorney, but whether he had a reasonable opportunity to communicate without affecting the effective administration of the breath test. 315 Or at 622. That determination depends on particular facts — the nature of the officer's interference with respondent's conversation with his attorney, if any, and the reasons for that interference.[1] *Gildroy v. MVD, supra*. The hearings officer in this case did not make any findings regarding this issue. In accordance with *Gildroy*, we remand to MVD.

Reversed with instructions to remand to Motor Vehicles Division for reconsideration.

---

[1] We note that respondent had the burden of producing evidence that his opportunity to consult with counsel was unreasonably restricted. ORS 183.450(2); *Ranger v. MVD*, 122 Or App 141, 856 P2d 1050 (1993).