Argued and submitted September 22, 1994, affirmed January 4, 1995

In the Matter of the Suspension of
the Driving Privileges of

Rickey Gene GILDROY,
*Appellant,*

*v.*

MOTOR VEHICLES DIVISION,
*Respondent.*

(9307-04618; CA A82086)

888 P2d 64

David D. Park argued the cause for appellant. With him on the brief was Elliott and Park.

Jas. Adams, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

DEITS, P. J.

## DEITS, P. J.

This is a civil action to suspend a driver's license. ORS 813.410. This case has a long history that began in April, 1988, when a hearing was held by the Motor Vehicles Division (MVD),[1] which resulted in an order suspending petitioner's driver's license. That order was appealed to the circuit court and eventually to this court, which remanded the case to MVD to determine whether petitioner was denied a "meaningful conversation with his attorney under Article I, section 11, [of the Oregon Constitution]." *Gildroy v. MVD*, 100 Or App 538, 786 P2d 757, *mod* 102 Or App 138, 142, 793 P2d 332 (1990).

MVD then petitioned the Supreme Court for review, asking the court to limit the inquiry on remand to whether petitioner had a reasonable opportunity to communicate with his lawyer under *Moore v. Motor Vehicles Division*, 293 Or 715, 652 P2d 794 (1982). The Supreme Court granted review and remanded the case to MVD, limiting the inquiry on remand as the agency requested. *Gildroy v. MVD*, 315 Or 617, 848 P2d 96 (1993). On remand, MVD again issued an order suspending petitioner's license. Petitioner sought review of the new order in the circuit court, which upheld the suspension. Petitioner seeks our review of the agency's order. We affirm.

The facts as pertinent to our review and as found by the hearings officer are as follows. At 2:50 a.m., petitioner was arrested for driving a motor vehicle while under the influence of intoxicants. ORS 813.010. Petitioner was asked to submit to a breath test by the arresting officer, Mears. The pre-test observation of petitioner required by MVD's rules began at 3:40 a.m. OAR 257-30-020(1)(b). At about 4:00 a.m., after he had been advised of his rights and the consequences of a refusal to take the test, but before he had taken the test, petitioner asked to call his attorney. He was taken to a phone by another officer, Marsalis, and allowed to make the call. During the call, Marsalis stood near petitioner and was able to overhear at least some of his side of the conversation. When Marsalis overheard petitioner talking about his activities of

---

[1] The agency is now known as the Drivers and Motor Vehicles Services Branch.

that day, he told him, "Let's keep this pertaining to business." Petitioner then told his attorney that he was unable to speak with him and terminated the phone call. He did not at any time ask for a private conversation with his attorney. Petitioner took the breath test at 4:12 a.m. The test disclosed a blood alcohol content of .17 percent. On appeal, petitioner argues that the hearings officer erred in concluding that he was given a reasonable opportunity to communicate with his attorney. He contends that he was denied a reasonable opportunity, because the officer stood next to him while he was talking on the phone with his attorney and could overhear some of the conversation, thus interfering with his conversation. In addition, he contends that the state has the burden to prove that the alleged interference with his consultation with his attorney was necessary for the effective administration of the breath test. He argues that there is no evidence that establishes this.

■   At the outset, it is important to note the basis of the Supreme Court's remand of this case. The Supreme Court first held that this court was wrong in concluding that an arrested driver has a right to counsel under Article I, section 11, of the Oregon Constitution in a license suspension proceeding:

> "Article I, section 11, of the Oregon Constitution does not apply in an administrative civil proceeding. By its plain language, that section is limited to criminal prosecutions. An MVD license suspension proceeding is not a criminal proceeding. Thus, the Court of Appeals' reliance on *State v. Spencer*, 305 Or 59, 74, 750 P2d 147 (1988), is misplaced. This court's analysis in *Spencer* was concerned with determining *when* a criminal prosecution has commenced, in order to decide if the evidence should be suppressed in that very same criminal prosecution. Nothing in *Spencer*, a criminal case, supports the enforceability of Article I, section 11, in this civil context." *Gildroy v. MVD, supra*, 315 Or at 621. (Emphasis in original; citation omitted.)

The court then explained that an arrested driver has "a right to a reasonable opportunity to communicate with his lawyer, where that conversation would not be inconsistent with the effective administration of the breath test." 315 Or at 622 (citing *Moore v. Motor Vehicles Division, supra*, 293 Or

at 723).[2] The court concluded that it was necessary to remand this case under that standard:

"Whether petitioner was denied a reasonable opportunity to communicate with his lawyer, an objective inquiry, will depend on *the nature of the officer's interference, if any, with petitioner's conversation with his lawyer and the reasons therefor. As noted, the MVD hearings officer did not make findings of fact on this issue.* Thus, more fact determinations. are needed to complete the administrative hearing record necessary to apply the mandate of *Moore* to the requirement of a reasonable opportunity to communicate with a lawyer." 315 Or at 622. (Emphasis supplied; citation omitted.)

On remand, the hearings officer found that there were only two actions of Marsalis that "could remotely be interpreted as interfering with Petitioner's communication." The first was standing near him as he called, and the second was telling him to keep his conversation "pertaining to business." The hearings officer found that the officer's act of standing near the petitioner when he was talking on the phone with his lawyer was permissible because of "the temporal requirements of the testing procedure and the need to listen and to see in order to detect the prohibited acts of taking something by mouth, regurgitating liquid from the stomach into the mouth, or vomiting during the pretest observation period."

With respect to the officer's statement to petitioner that he ought to keep the conversation "pertaining to business," the hearings officer found:

"In this case there is nothing which suggests that Officer Marsalis terminated the call, or that he set any time limit, nor that he did anything more than minimally and reasonably focus the discussion. The record does establish that Petitioner told *his attorney* that he could not talk with him and then terminated the call. The statement was made

---

[2] Although our discussion focuses on petitioner's right to a reasonable opportunity to consult with his attorney in this type of proceeding, we note that the right that the Supreme Court identified in its decision in *Moore v. Motor Vehicles Division, supra,* 293 Or at 719, was the right "to communicate with counsel *or others.*" (Emphasis supplied.) *See generally Note,* "The Right to Counsel under Oregon's Implied Consent Law: Questioning the Continued Adherence to *Moore v. Motor Vehicles Division,*" 30 Will L Rev 723 (1994). Our discussion relates to consultation with counsel, only because in this case that is who petitioner wished to consult.

within the hearing of the officer but was not directed to the officer." (Emphasis in original.)

The hearings officer concluded that this action was necessary to allow the officer to control the testing procedure. The hearings officer then concluded that neither of the acts by the officer "amounted to an intrusion into the communication process to the extent that it interfered with the reasonable opportunity which was granted."

■　On appeal, petitioner first argues that the denial of a private phone conversation interfered with his ability to communicate with his lawyer and that, absent proof by the state that the interference was necessary for proper administration of the test, the hearings officer erred in holding that he was given a reasonable opportunity to consult with counsel. We find petitioner's argument unpersuasive. First, as the hearings officer found and petitioner concedes, petitioner never requested that he be allowed to speak privately with his attorney. More importantly, even if he had made such a request, both the Supreme Court and this court have held that, in the context of an administrative *civil* proceeding, the arrested driver's right to a reasonable opportunity to communicate with another[3] does not include the right to a private consultation. In *Gildroy v. MVD, supra,* the Supreme Court stated:

> "Even though petitioner was entitled to a reasonable opportunity to communicate with his lawyer, that does not mean that he has a right to an unobserved telephone conference with his lawyer. An *unobserved* conference could defeat the requirements of OAR 257-03-020(1)(b) (15-minute pre-test observation requirement). Petitioner's right to consultation while waiting to take the breath test may not interfere with the effective administration of the test." 315 Or at 622. (Emphasis in original.)

Similarly, in *Ranger v. MVD*, 122 Or App 141, 856 P2d 1050 (1993), we held that even if the petitioner there had requested a private telephone conversation, the denial of an unobserved conference with counsel would not have denied the petitioner a reasonable opportunity to communicate with an attorney.

---

[3] As noted above, the right to counsel guaranteed by Article I, section 11, applies only to criminal prosecutions.

■ Petitioner also argues that because Marsalis did not testify, the record contains no evidence concerning the reason Marsalis stood near petitioner during the phone call. On remand, the hearings officer found that Marsalis was standing near petitioner to satisfy the requirements of OAR 257-30-020(1)(b).[4] There is evidence to support that finding. Mears testified that he began the observation period at 3:40 a.m., that he continued to observe petitioner until the phone call was placed at approximately 4:00 a.m., that Marsalis observed petitioner while petitioner was on the phone and that the breath test was administered at 4:12 a.m. Mears also testified that, after the test, Marsalis confirmed that none of the prohibited acts had occurred during the phone call. We believe that that evidence supports a reasonable inference that Marsalis stood near petitioner during the phone call to satisfy the requirements of OAR 257-30-020(1)(b).

■■ We are also not persuaded by petitioner's argument regarding the burden of proof. We have held that an arrested driver bears the burden of proving that the opportunity to consult with counsel was unreasonably restricted. *Hoefling v. MVD*, 125 Or App 22, 24 n 1, 865 P2d 435 (1993); *Ranger v. MVD, supra*, 122 Or App at 144; *see also* ORS 183.450(2). That burden is not satisfied merely by showing that the state interfered in some way with the communication; rather, there must be a showing that the interference was unreasonable. As discussed above, an interference related to the temporal requirements of administering the test is, as a matter of law, a reasonable restriction on the opportunity to consult with counsel. Here, petitioner failed to show any *unreasonable* interference with his opportunity to consult with counsel.[5]

---

[4] OAR 257-30-020(1)(b) provides:

"Pre-Test Requirements. The operator must make certain the subject has not taken anything by mouth, (drinking, smoking, eating, taking medication, etc.) vomited, or regurgitated liquid from his stomach into his mouth for at least 15 minutes before taking the test."

Although both this court and the Supreme Court have referred to the pre-test requirements as an "observation period," we do not read either court's statements to imply that the driver may be only visually observed.

[5] Petitioner's argument is that he was denied a reasonable opportunity to communicate with his lawyer "when the police interfered with that communication *by not affording Petitioner a private phone conversation.*" (Emphasis supplied.) Although he points to the hearings officer's finding that Marsalis's comment, that

■ Petitioner next argues that there was not "substantial evidence from which a reasonable person could find that an officer's presence at Petitioner's side during Petitioner's phone conversation with his lawyer was required for the effective administration of the test." Again, we disagree. As noted, the test could not be given until after the observation period was completed. The evidence showed that the observation began 20 minutes before the call was placed. Had Marsalis not continued to observe petitioner during the phone call, a new observation period would have been required, thus delaying the administration of the test. In view of the highly evanescent nature of the evidence, the record contains sufficient evidence to support the hearings officer's finding that Marsalis's presence during the phone conversation was permissible for the effective administration of the test.

Affirmed.

---

petitioner keep his conversation pertaining to business, "interfered with" petitioner's conversation, petitioner offered no evidence and provides no explanation as to why that comment unreasonably restricted his opportunity to communicate with counsel. In other words, he does not make the alternative argument that the interruption of his conversation was unrelated to the temporal requirements of the test and, consequently, that he was denied a reasonable opportunity to communicate with his lawyer.