Argued and submitted April 11, 1994, reversed and remanded for new trial
March 22, 1995

## STATE OF OREGON,
*Respondent,*

*v.*

## KATHERINE LEE PENROD,
*Appellant.*

### (62750; CA A79980)

892 P2d 729

John Henry Hingson III argued the cause and filed the brief for appellant.

Douglas F. Zier, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

DEITS, P. J.

**DEITS, P. J.**

Defendant appeals her conviction for driving under the influence of intoxicants (DUII). ORS 813.010; ORS 813.040. She assigns error to the denial of her pretrial motion to dismiss or suppress evidence of her refusal to take a breath test, and the denial of her motions for mistrial. We reverse and remand for a new trial.

The facts are not in dispute. On January 11, 1992, Officer Todd stopped defendant's car for a traffic infraction. When Todd spoke with defendant, he noticed a moderate odor of alcohol. According to Todd, defendant's eyes were watery, glassy and red, her movements were "slow, almost in an animated state" and her speech was slow and slurred. When asked how much she had to drink, defendant replied "enough" and refused to say anything further. She also refused to perform field sobriety tests.

Defendant was arrested and taken to the Newberg Police Department, where she was given *Miranda* warnings. Before she was asked to take the breath test, she requested to speak with her attorney. Todd dialed the telephone number, and defendant spoke with her attorney. The attorney then asked to speak with Todd. He asked Todd to leave the room to allow defendant a confidential conversation with him. Todd explained that he was unable to do so, and returned the phone to defendant. Todd remained within a few feet of defendant while she used the phone, but could hear only defendant's side of the conversation. After a total of three to five minutes, defendant ended the call. She then refused to take a breath test, stating, "Based on my lawyer's advice, I won't take a breath test due to my not being able to have a private talk with my attorney." Following a jury trial, defendant was convicted of DUII.

■ ■ On appeal, defendant argues that Todd's refusal to allow her a private consultation with her lawyer before she decided whether to submit to a breath test was a violation of her constitutional right to counsel. In the context of a driver arrested for DUII, the Supreme Court has held that the Oregon right to counsel clause, Article I, section 11,[1] entitles the

---

[1] Article I, section 11, of the Oregon Constitution provides, in part, that "[i]n all criminal prosecutions, the accused shall have the right * * * to be heard by himself and counsel."

arrestee to "a reasonable opportunity to obtain legal advice before deciding whether to submit to a breath test." *State v. Spencer*, 305 Or 59, 74, 750 P2d 147 (1988). Article I, section 11, however, says nothing about confidentiality when obtaining legal advice. Neither did the Supreme Court in *Spencer*, nor, in fact, has any Oregon decision ever expressly stated that the constitutional provision contemplates the right to consult *privately* with counsel. Accordingly, we must first decide whether the right to consult with counsel in the criminal DUII setting includes the right to a private consultation. We conclude that it does.[2] We believe that confidentiality is inherent in the right to consult with counsel; to hold otherwise would effectively render the right meaningless. *Accord State v. Cory*, 62 Wash 2d 317, 382 P2d 1019 (1963) ("it is universally accepted that effective representation cannot be had without such privacy"); *see also* cases collected in 5 ALR3d 1360 (1963).

■ However, as the court held in *State v. Spencer, supra,* the right to consult with counsel before deciding whether to submit to the breath test is not absolute. The court explained that, because of the evanescent nature of the evidence in a DUII case, the time in which an arrested driver is allowed to exercise the right to consult with counsel may be substantially limited, if such a limitation is necessary to administer the breath test effectively. Similarly, we believe that the "reasonable opportunity" to obtain legal advice that is contemplated by *Spencer* justifies limiting the degree of privacy allowed, if the needs of conducting an accurate and timely test or the needs of secure custody so require. *Accord Farrell v. Municipality of Anchorage*, 682 P2d 1128 (Alaska App 1984) (right to counsel must not interfere with taking of an accurate breath test; reasonable effort to assure that communications will not be overheard does not require physical separation or visual isolation of arrestee from police); *see also City of Seattle v. Koch*, 53 Wash App 352, 358 n 7, 767 P2d 143, *rev den* 112 Wash 2d 1022 (1989).

■ The state contends that allowing an arrested driver a private conversation with counsel would interfere with the

---

[2] We reiterate that the right to a private consultation with counsel under Article I, section 11, applies only in criminal proceedings, not in administrative civil proceedings. *See Gildroy v. MVD*, 132 Or App 235, 240, 888 P2d 64 (1995).

collection of evidence, because an officer must monitor the driver for at least 15 minutes before administering the breath test. *See* OAR 257-30-020 (test operator "must make certain" that the person has not taken anything by mouth, vomited or regurgitated). We agree with the state that if the consultation with counsel must occur during the 15-minute observation period, the police may justifiably limit the privacy aspect of the right. *See State v. Spencer, supra.* As the court explained in *Gildroy v. MVD*, 315 Or 617, 622, 848 P2d 96 (1993):

> "Even though petitioner was entitled to a reasonable opportunity to communicate with his lawyer, that does not mean that he has a right to an unobserved telephone conference with his lawyer. An *unobserved* conference in this case could defeat the requirements of OAR 257-30-020(1)(b) (15-minute pre-test observation requirement). Petitioner's right to consultation while waiting to take the breath test may not interfere with the effective administration of the test." (Emphasis in original.)[3]

Similarly, if there is evidence that fully accommodating an arrestee's request for a private consultation would unreasonably delay, and thus interfere with, the proper administration of the test, then the arrestee's right to a confidential conversation may also be limited.

■ In this case, however, there is no evidence to suggest that either of those circumstances existed. It is clear from Todd's testimony that he had not begun the observation period, let alone asked defendant to submit to the breath test or begun any preparation for that test, when defendant asked to call her lawyer.[4] Moreover, there is no other evidence to

---

[3] We recognize that *Gildroy v. MVD, supra*, involved a civil action to suspend a driver license and, therefore, is not directly applicable in this criminal case. Nonetheless, the court's conclusion, that an unobserved telephone conference would defeat the proper administration of the breath test, is equally pertinent here.

[4] Todd testified that, as soon as they arrived at the police department booking room, he read defendant her *Miranda* rights, and she immediately stated that she wanted to speak to her attorney. When Todd was asked what he would have done after the phone conversation, had defendant not refused to take the breath test, he responded:

> "At that point, I would have first initiated a 15-minute observation period, and then went on to inform her of rights and consequences under the implied consent. And then, after setting up the Intoxilyzer according to the rule, I would have administered the breath test to her."

indicate that allowing defendant a private conversation with her lawyer would have delayed the test in such a way as to interfere with its proper administration.

At the pretrial hearing on defendant's motion to dismiss or suppress, all of the evidence offered regarding this issue focused on *security concerns* as the basis for denying defendant a private conversation.[5] Valid security concerns may justify according less than absolute privacy to an arrestee who is seeking legal advice regarding a breath test. However, when a defendant contends that his or her right to a confidential conversation with counsel has been unreasonably restricted, it is incumbent upon the state to show that the restriction was justified by the need to collect evidence or, as in this case, to maintain security. Here, Todd explained why the needs of security prevented him from leaving the room while defendant used the phone, but the state offered *no* evidence as to why those needs required that Todd stand in such close proximity to defendant throughout her phone call.[6] Under those circumstances, defendant could do nothing to prevent her side of the conversation from being overheard.[7] Absent the requisite showing by the state, we cannot say that the denial of defendant's right to a confidential conversation was justified by Todd's need to maintain secure

---

[5] Todd testified that he was "not at liberty" to leave the room while defendant spoke with her lawyer, because defendant was not in physical restraints and the only phone in the booking facility available for prisoners was near the street door.

[6] Even if the state had made such a showing, defendant would have been allowed to offer evidence that less intrusive means of securing custody, affording a greater degree of privacy, were available. Thus, it is not necessarily enough for the state to show that "some" limitation on a defendant's right to a private consultation with counsel was necessary; rather, it must justify the extent to which that right was limited.

[7] We would note that where security concerns justify limiting a defendant's right to a private conversation, the defendant has an obligation to act reasonably to maintain the privacy of the conversation. If, as here, the telephone consultation with counsel does not coincide with the pre-test monitoring period, it might be reasonable for a defendant to turn away from a nearby officer and speak in muted tones. However, where the limitations on privacy are justified, and the defendant has made a reasonable effort to communicate privately with counsel, a trial court might preclude the prosecution from admitting evidence of any statements that were inadvertently overheard. In contrast, if a conversation is overheard because of unreasonable conduct by the defendant, such as shouting unnecessarily, then no violation of the defendant's right to a private conversation will be said to occur. Similarly, there is no violation if, despite reasonable assurances of privacy, the defendant refuses to speak with counsel.

custody of defendant. Thus, we conclude that, based on the evidence in this record, defendant was not given a reasonable opportunity to obtain legal advice before deciding whether to submit to a breath test, and evidence of her refusal to take the breath test should have been suppressed.

 Defendant contends that the denial of her right to counsel in this case justifies dismissal. She argues:

> "The police officer had a 'duty to uphold the constitution of this state and [could] not intentionally violate a person's constitutional rights without serious sanctions.' The sanction of suppression is not sufficient to compel compliance with the officers' duty to uphold the constitution." (Citation omitted.)

It is unclear how the officer could have "intentionally" violated defendant's constitutional rights when, as discussed above, no previous Oregon decision has ever expressly recognized a constitutional right to confidential communication with counsel. Moreover, the officer here did not attempt to intercept any conversations or otherwise engage in any misconduct. According to Todd's testimony, at the time that defendant was on the phone, Todd was filling out paper work and preparing for the remaining portion of the booking procedure. He could not hear defendant's lawyer's voice during that time, and he did not obtain or use any evidence from defendant's portion of the conversation. Under the facts of this case, dismissal is not warranted. Because of our disposition of this case, it is unnecessary to address defendant's other assignments of error.

Reversed and remanded for new trial.