Argued and submitted November 18, 1996, affirmed July 2, 1997

## STATE OF OREGON,
*Respondent,*

*v.*

## ARCHIE M. DUMFORD,
*Appellant.*

## (D9207349T; CA A89476)

941 P2d 1042

Erin Galli argued the cause for appellant. On the brief were Michael M. Watkins and Watkins & Bass.

Ann F. Kelley, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

## WARREN, P. J.

Defendant appeals his conviction for driving under the influence of intoxicants (DUII), ORS 813.010, making five assignments of error. We write only to address his argument that the trial court committed reversible error by failing to suppress evidence of his refusal to submit to a breath test on the ground that he was denied a reasonable opportunity to speak with an attorney, in private, before deciding whether to submit. We affirm.

We relate the facts as found by the trial court in ruling on defendant's motion to suppress. On October 7, 1992, two named and identified individuals called the Washington County Sheriff's Office by cellular telephone to report that they were following someone whom they believed to be intoxicated. Deputy Garrett was dispatched to investigate the complaint. He intercepted defendant's vehicle and made contact with the complainants. The two told him that defendant had been driving over the speed limit and swerving from one lane to another, that he failed to make a complete stop at a stop sign, and that he had difficulty parking his vehicle. Garrett then talked to defendant and noticed that he had an odor of alcohol about him, that his eyes were red, watery and bloodshot, that he swayed while standing and was unsteady on his feet and that his speech was slurred. He asked defendant to perform field sobriety tests and advised him of the consequences of refusing to do so. Defendant declined to perform the tests and Garrett placed him under arrest for DUII, informed him of his *Miranda* rights and transported him to jail.

At the jail, defendant's hands were handcuffed behind his back, in accordance with the sheriff's office policy, and he was placed in a room that held an Intoxilyzer unit, a telephone and a single chair. The door to the room contained a window, which provided a view of the inside of the room from the outside. Garrett then advised defendant of the consequences of a refusal to take the breath test. He prepared the Intoxilyzer and asked defendant if he would submit to a breath test. Defendant then asked to speak with an attorney and Garrett offered to look up an attorney of defendant's

choice in the phone book and place the call for him. Defendant then asked to have his handcuffs removed. When Garrett declined to remove the handcuffs, defendant refused to call an attorney. After being so advised, defendant refused to take a breath test.

Before trial, defendant moved to suppress from use or reference at trial the following: (1) the request that he take field sobriety tests and defendant's refusal; (2) his remaining silent after being asked questions before and after receiving advice of his *Miranda* rights; (3) his arrest; and (4) his refusal to take a breath test.

The state conceded defendant's first motion and the trial court, *citing State v. Fish*, 321 Or 48, 893 P2d 1023 (1995), suppressed defendant's refusal to take field sobriety tests. The trial court granted defendant's second motion, in part, suppressing any reference to his exercising his right to remain silent after he had been given his *Miranda* warnings but not before the warnings. It then held that Garrett had probable cause to arrest defendant for DUII.

Finally, the court denied defendant's motion to suppress his refusal to submit to a breath test, *citing State v. Spencer*, 305 Or 59, 750 P2d 147 (1988), and *State v. Penrod*, 133 Or App 454, 892 P2d 729 (1995). Defendant asked the court to clarify its interpretation of those cases and the trial court explained:

> "Those cases, if my recollection is correct, indicated that the defendant must be given a reasonable opportunity to consult with counsel, but there is no indication that that conversation has to be private. Okay? I find no authority in Oregon by the Supreme Court or the Court of Appeals dealing with telephonic communication with [an] attorney under a driving under the influence setting that indicates that it must be [in] private."

Defendant disagreed, arguing that "*State v. Penrod* * * * specifically stands for the proposition that one is granted a private conversation." The trial court responded: "The Court's ruling is based upon these facts: that [defendant] requested to make a phone call to an attorney and would not do so unless he was not handcuffed *and* [he could consult with his

attorney] in private. I do not read those cases to indicate that his request to do so must be in private." (Emphasis supplied.)

■ The case proceeded to trial before a jury and defendant was convicted of DUII. He assigns error to the trial court's denial of the motion to suppress his refusal to submit to a breath test. On review, we are not bound by the trial court's legal conclusion that defendant was given a reasonable opportunity to obtain legal advice before deciding whether to submit a breath sample for analysis. ORS 138.220; *State v. Jacobus*, 318 Or 234, 240, 864 P2d 861 (1993). We are bound, however, by the trial court's findings of historical facts if they are supported by evidence in the record. *Ball v. Gladden*, 250 Or 485, 487, 443 P2d 621 (1968).

On appeal, defendant refers to our decision in *Penrod*, arguing that we should reverse and remand because he was denied his right to counsel under Article I, section 11, of the Oregon Constitution.[1] The state responds that defendant was given a reasonable opportunity to contact an attorney and argues that "defendant was clear—unless his handcuffs were removed, he did not want to telephone a lawyer. No rule of law requires the removal of handcuffs after a full custody arrest." We agree with the state.

■■ Under the Oregon right to counsel clause, Article I, section 11, a driver arrested for DUII is entitled to a reasonable opportunity to obtain legal advice before deciding whether to submit to a breath test. *Spencer*, 305 Or at 74; *Penrod*. The right to counsel includes the right to a private consultation. 133 Or App at 475. That right, however, is not absolute. *Id.*

■ Defendant invoked his right to counsel when he asked if he could contact an attorney. In exercising his right to counsel, defendant was entitled to a reasonable opportunity to a private consultation with an attorney. In *Penrod*, we explained that "confidentiality is inherent in the right to consult with counsel; to hold otherwise would effectively render the right meaningless." *Id.* Nonetheless, the officer testified,

---

[1] Article I, section 11, of the Oregon Constitution provides, in part, that "[i]n all criminal prosecutions, the accused shall have the right * * * to be heard by himself and counsel."

and the trial court found, that defendant refused to call an attorney because the officer would not remove defendant's handcuffs. Defendant provides no authority for the proposition that he was entitled, under Article I, section 11, to have his handcuffs removed before placing a call to an attorney, and we can find none. Defendant imposed a condition on the exercise of his constitutional right that the officer was not required to honor. A private consultation with an attorney could have been facilitated in a number of ways, for example he could have asked the officer to re-handcuff him with this hands in front of him, but it is clear that defendant would not make use of the opportunity to call an attorney unless the officer removed his handcuffs. As a result of the condition imposed by defendant, his request was of no legal force.

The trial court did not err in admitting evidence of his refusal to take the test.

Affirmed.